## RUSH v. BROWN.

No. 28919.   April 9, 1940.

*101 P. 2d 262.*

A. J. Wildman, of Shidler, and Bert Lawton, of Pawhuska, for plaintiff in error.

C. D. Cund, A. L. Herr, and Wendell Barnes, all of Oklahoma City, for defendant in error.

DAVISON, J. This case was instituted in the district court of Oklahoma county on the 25th day of October, 1937, by W. T. Rush, a retail merchant, as plaintiff, against C. C. Brown, as chairman of the Oklahoma Tax Commission, to recover the sum of $553.13 with interest at 6 per cent. per annum from September 28, 1937, and to restrain the Oklahoma Tax Commission from the future collection of sales taxes.

The sum sought to be recovered was paid under protest by the plaintiff to the defendant. It represented sales tax asserted to be due and owing from the plaintiff under the Oklahoma Sales Tax Act of 1935 (art. 7, ch. 66, S. L. 1935) and under the successive Consumers and Users Tax Act of 1937 (art. 10, ch. 66, page 445, S. L. 1937).

The court below, on the 6th day of May, 1938, rendered judgment for the defendant, from which the plaintiff appeals, appearing herein as plaintiff in error. Our future reference to the parties will be by their trial court designation.

In presenting his case to this court the plaintiff does not assert any error or mistake in computing the amount of the tax, thus tacitly conceding that the same was correctly calculated according to existing law.

He relies for recovery upon the alleged unconstitutionality of the acts under which the taxing authorities purported to act, and denies their asserted right to collect any sum whatever from him by reason of the invalidity thereof.

While the general basis upon which plaintiff seeks to avoid liability is readily ascertainable from his brief, the precise particulars in which the challenged legislation is thought by him to transcend constitutional limitations is in many respects impossible of determination.

Eleven separately labeled specifications of error are mentioned in the brief followed by eight separately numbered "points," most of which contain sweeping generalities and invoke constitutional provisions (upon which volumes have been written) without concrete application to any precise question.

Obviously, an equally general discussion of constitutional law on our part, no matter how instructive it might be, would find little to justify its existence in a judicial opinion.

In view of rule 10 of this court and the presumption which obtains as to the correctness of the decision of the trial tribunal, it is not incumbent upon us to endeavor to find some theory to reverse a cause. Musick, County Supt., v. State ex rel. Miles, 185 Okla. 140, 90 P. 2d 631; Drum-Standish Commission Co. v. First National Bank & Trust Company of Oklahoma City, 168 Okla. 400, 31 P. 2d 843. We shall not, however, upon these considerations entirely ignore plaintiff's complaint, but insofar as the briefs may fairly be said to properly present questions for appellate consideration, we shall treat and dispose of the same upon the merits thereof to the extent of their application to the situation here prepresented.

It is first asserted by the plaintiff that the Legislature cannot delegate the power to make laws, and authorities from other states bearing out this assertion are called to our attention. The question of what constitutes an unauthorized

or purely legislative power has been a prolific source of litigation in this and other jurisdictions, and we have been called upon many times to consider the same from the standpoint of some concrete problem in connection with administrative boards. In Associated Industries of Oklahoma v. Industrial Welfare Commission and E. W. Marland, W. A. Pat Murphy and Andrew Fraley, as members thereof, 185 Okla. 177, 90 P. 2d 899, we reviewed a number of authorities and announced our conclusion upon the point in the following language:

"From the foregoing authorities, it is apparent that the power to determine the policy of the law is primarily legislative, and cannot be delegated, whereas the power to make rules of a subordinate character in order to carry out that policy and apply it to varying conditions, although partaking of a legislative character, is in its dominant aspect administrative and can be delegated."

While plaintiff does not say, we presume that in invoking this principle of constitutional law, he had in mind section 21 of the 1937 act, supra, and section 16 of the 1935 act, supra, which in connection with the respective acts authorize the promulgation of rules looking toward the collection of the tax imposed by the act.

It is not asserted in connection with this point that any rule has been promulgated or applied by the Tax Commission which has affected the rights of the plaintiff injuriously. Even though we should entertain the view, as an abstract proposition, that section 21, supra, is deficient in failing to sufficiently pronounce the policy of the law (a question on which we express no opinion) or that the Tax Commission, in connection with some rule promulgated by it, has transcended the limits of its authority (another question on which we express no opinion), our judicial declaration to that effect would not benefit the plaintiff, whose rights are not shown in this cause to be affected thereby, since the act (1937), section 24, contains a partial invalidity clause (sec. 17 of the 1935 act). This partial invalidity clause aids and strengthens the otherwise existing rule that:

"The unconstitutionality of a portion of an act of the Legislature does not defeat or affect the validity of the remaining provisions unless it is evident that the Legislature would not have enacted the valid provisions with the invalid provisions removed, if with the invalid provisions removed the rest of the act is fully operative as a law." Associated Industries of Oklahoma v. Industrial Welfare Commission and E. W. Marland, W. A. Pat Murphy, and Andrew Fraley, as members thereof, supra, Sterling Refining Co. et al. v. Walker et al., 165 Okla. 45, 25 P. 2d 312.

As applied to this act, we are unable to say that, with the sections conferring the power to make rules removed, the Legislature would not have enacted the remainder thereof. Plaintiff's complaint upon this ground must therefore be denied. In so deciding we are not holding or intimating that either section 21 of the 1937 act or section 16 of the 1935 act, supra, are invalid. We merely do not decide the point for the reason that it is immaterial in this controversy.

The next six "points," though separately stated, are not followed by argument or the citing of authority. They are disposed of on consideration of the rule announced by us in the 7th paragraph of the syllabus in Drum-Standish Commission Co. v. First National Bank & Trust Company of Oklahoma City, supra, which reads as follows:

"Assignments of error presented by counsel in their brief unsupported by authority will not be noticed on appeal unless it is apparent without further research that they are well taken."

The eighth point presented, as well as parts of the reply brief, deal generally with the due process clauses of the federal and state Constitutions. One of the grounds of complaint seems to be that compulsory process for the collection of the tax may be issued before an opportunity for judicial review is accorded under the act. The adequacy of the method of judicial review ultimately provided is not questioned (see section

14 of the 1935 act and section 20 of the 1937 act; see, also, section 36, art. 3, ch. 66, S. L. 1937). It seems to be plaintiff's view that in all cases due process requires opportunity for judicial review prior to the inauguration of efforts to collect. This view is too broad to be tenable. In fact, as has been noted upon authority of the Supreme Court of the United States, the right of judicial review does not, by virtue of the due process clause, extend to all taxes, but only to those which involve an exercise of quasi-judicial power as distinguished from a mere mathematical calculation in the determination of the amount. 26 R.C.L. 347, "Taxation," par. 304; 12 Am. Jur. "Const. Law," par. 640.

The question of whether the determination of the amount required to be paid under the Sales Tax Acts presents or includes questions which involve the exercise of quasi-judicial power by the Tax Commission is not here briefed. We therefore express no opinion on the point. This basic point not having been presented either by argument or the citation of authority, we are not in a position to decide whether a judicial review prior to the issuance of compulsory process is essential or available.

The plaintiff in error also complains of the act because the tax thereby authorized, though denominated a "Consumers Tax," contemplates collection by the state from the dealer. While we have not departed from the legislative designation and classification of the general character of the tax, we have recognized that in many respects the tax as treated in the act partakes of the nature of a tax against the vendor to whom the state looks for the tax, although it contemplates that the ultimate burden shall rest on the consumer. In re Harris, Clift v. Oklahoma Tax Commission, 184 Okla. 459, 88 P. 2d 372. No authority is called to our attention which indicates that this method of enforcement is objectionable from a constitutional viewpoint. The question is therefore reserved.

The decision of the trial court is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, HURST, and DANNER, JJ., concur.