25 So.2d 179

**SLOSS–SHEFFIELD STEEL & IRON CO.
v. ALLRED et al.**

6 Div. 382.

Supreme Court of Alabama.

Oct. 18, 1945.

Rehearing Denied March 7, 1946.

Clifford Emond, of Birmingham, for petitioners.

500

London & Yancey and Chas. W. Greer, both of Birmingham, opposed.

STAKELY, Justice.

As we interpret the opinion of the Court of Appeals, that Court finds from the evidence that the driver of the defendant's truck neither knew nor was there anything to put him on notice that the plaintiff's car was in a procession—funeral or otherwise. This being true, the city ordinance, Section 5920, dealing with driving through a procession, has no application to the case. 38 Am.Jur. § 23, p. 665. This is the basis upon which we rest denial of the writ.

It is true that violation of the city ordinance is per se negligence, but this does not necessarily constitute actionable negligence. "Unless there is the breach of a duty owing, there is no actionable negligence, though there be negligence." Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90, 92. See also Tennessee Coal, Iron & R. Co. v. Smith, 171 Ala. 251, 55 So. 170; 45 C.J. p. 631.

In view, however, of the reversal of the cause by the Court of Appeals and as a guide to further proceedings in the trial court, we think it appropriate to express our disapproval of that part of the opinion of the Court of Appeals which endorses the charges requested by the defendant and refused by the court, in so far as they place an absolute duty on the driver of plaintiff's car to stop on the red light. If the car of plaintiff was in a funeral procession and this was reasonably apparent to the public, then it had the right to enter the intersection on the red light by virtue of Section 5920 of the City Code dealing with driving through a procession. Though not here involved, it is well to keep in mind that the mere fact that plaintiff's car was in a funeral procession did not relieve the driver of plaintiff's car of the general duty to operate the car with careful and prudent regard for the safety of others. Duke v. Gaines, 224 Ala. 519, 140 So. 600.

So far as the defendant is concerned, the green light did not authorize the driver of its truck to enter the intersection and drive through the funeral procession if the driver either knew or from the surrounding facts and circumstances should have known that a funeral procession was passing through the intersection.

The foregoing is in accordance with what we consider a proper interpretation of the city ordinances. We think it clear that the purpose of Section 5920 of the City Code was to provide that a procession has the right of way to proceed as a single unit. Otherwise the value and appearance of processions would be greatly impaired and in the case of funeral processions there would not be accorded the respect and consideration which such processions should receive. All of the city ordinances appear in one chapter of the City Code. Such ordinances are in pari materia, must be construed together and if possible be interpreted so as to be in harmony with each other. City of Birmingham v. Southern Express Company, 164 Ala. 529, 51 So. 159. Since Code Section 5920 deals particularly with processions and, therefore, with part of the subject matter embraced within the general traffic control ordinance, we think Code Section 5920 is to be regarded as an exception to the general ordinance. Pepper v. Horn, 197 Ala. 395, 73 So. 46. In keeping with our views hereinabove first stated, the writ will be denied.

Writ denied.

GARDNER, C. J., and FOSTER and SIMPSON, JJ., concur.