65 So.2d 192

**MOBILE CAB & BAGGAGE CO., Inc.**
**v. ARMSTRONG.**

1 Div. 451.

Supreme Court of Alabama.
May 14, 1953.

Johnston, McCall & Johnston, Mobile, for appellant.

Holberg, Tully & Aldridge, Mobile, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal by defendant from a judgment at law for plaintiff for personal injuries resulting from a collision between the car, in which plaintiff was riding, and a taxi owned by defendant.

Plaintiff was not driving the car, but was a passenger sitting by the driver. The collision occurred at the intersection of Conti, as the car in which she was riding was going west on it, with Conception, as defendant's taxi was going north on it.

The chief issue on the trial was whether defendant's taxi was traveling against a red traffic light in that intersection. Defendant claimed its taxi was proceeding on the green light, and that the car in which plaintiff was riding was traveling against the red light. About the same number of witnesses testified to the respective contentions. Plaintiff was knocked out of the car through the doorway, opened by the collision striking on the left side of the car.

The complaint as originally filed contained two counts,—No. 1 was for negligence, and No. 2 was for wantonness. There was a contributory negligence plea to the negligence count. At the conclusion of the evidence, plaintiff moved to strike that plea because no evidence sustained it. The motion was granted. Defendant's written requested affirmative charge as to count 2 (wantonness) was given. The negligence count and the plea of not guilty made up the issue submitted to the jury.

The charges refused at defendant's request are the principal assignments of error. We will first consider charge No. 9 which is as follows:

"The court charges the jury that if you are reasonably satisfied from the evidence in this case that the sole and proximate cause of the plaintiff's injury was the negligent failure of the driver of the automobile in which the plaintiff was riding to stop said automobile at the intersection of Conti with Conception Street as the law requires when the traffic signal is red, then your verdict should be for the defendant."

Whether or not such a charge is proper depends upon the issues and the evidence. When only primary negligence is involved, that means when the only count submitted to the jury is for primary negligence and the evidence does not justify a finding of subsequent negligence, and when a plea of contributory negligence is not applicable, a charge of a sort such as No. 9, supra, is proper, and its refusal is error to reversal if the charge is properly framed and not covered by some other given charge or the general charge of the court. That principle has quite a historical background, but it has been finally settled to that effect. The case of Williams v. Wicker, 235 Ala. 348, 179 So. 250, is directly in point, following Birmingham Railway, Light & Power Co. v. Ely, 183 Ala. 382, 62 So. 816; Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642. But when the issue includes wantonness or subsequent negligence, and there is evidence of it, it would be error to give such a charge. Seitz v. Heep, 243 Ala. 372, 10 So.2d 148; Johnson v. Louisville & Nashville R. R. Co., 220 Ala. 649, 127 So. 216; Boyette v. Bradley, 221 Ala. 370, 100 So. 647; Allen v. Birmingham Southern R. Co., 210 Ala. 41, 97 So. 93.

Charge No. 9, supra, specifies as the act of negligence "the negligent failure of the driver of the automobile in which the plaintiff was riding to stop said automobile at the intersection of Conti with Conception Street as the law requires when the traffic signal is red * * *." The charge may be construed to imply negligence from a failure to stop on a red signal. The inquiry arises, therefore, of whether there is a law which requires such a stop on the red traffic signal, and, if so, is it negligent to fail in that respect? There was no city ordinance as to it in evidence. There is a legislative enactment effective January 1, 1950, Acts 1949, p. 748, section 37, Title

36, section 58 (37) Pocket Part, Code, prescribing duties "Whenever traffic is controlled by traffic-control signals exhibiting the words 'go' 'caution,' or 'stop,' or exhibiting different colored lights successively one at a time, or with arrows, the following colors only shall be used and said terms and lights shall indicate and apply to drivers of vehicles and pedestrians as follows". (Here is given the familiar requirements to act on green, yellow and red lights.) That statute, as its terms indicate, applies only when such traffic control system is used. Cities have authority to set up traffic control devices. Title 36, sections 21, 32(d) and 48; Title 37, section 455, Code. And when such traffic signals are set up, they are presumed to be by due authority of the city. Harris v. Blythe, 222 Ala. 48, 130 So. 548; Mobile City Lines v. Orr, 253 Ala. 528, 45 So.2d 766. From this it results that there is a duty not to cross a street in front of a red traffic light. A failure to heed such stop signal does not always sustain an automobile claim for resulting damage, but it is negligence unless there is some justification —such as a funeral procession. Moreover, the injured party must himself be free from contributory negligence, and occupy the status of one for whose benefit the regulation was made. Sloss-Sheffield Steel & Iron Co. v. Allred, 247 Ala. 499, 25 So.2d 179. The violation of a State statute constitutes negligence, McGough Bakeries Corp. v. Reynolds, 250 Ala. 592, 35 So.2d 332; Clift v. Donegan, 237 Ala. 304, 186 So. 476; but it is not always actionable.

There was no other charge given which covered the principle of charge No. 9, nor did the general charge of the court. In the court's general charge we find the following:

"There has been injected into this case originally contributory negligence. The court charges you that under the written request of the plaintiff, you cannot find for the defendant on the special plea of contributory negligence, namely that the driver of the car in which the plaintiff is alleged to have been injured was the agent or servant of the plaintiff acting in the line and scope of his duties. His negligence, if any, cannot be imputed to her by way of contributory negligence, in bar of a recovery, but if what he did at the time prevented the defendant's driving to have not been the proximate cause of the injury, it would have been an unavoidable accident. In that event, there would be no recovery. You don't compare who was most to blame. The test is: was this collision the proximate result of the negligent driving of defendant's servant and at the time was he acting within the line and scope of his duties."

But we observe that refused charge 9 is not predicated, in terms or in theory, on contributory negligence, but the conduct of someone other than that of defendant or of plaintiff (or their servant, agent or employee) as the sole proximate cause. That feature of the oral charge simply eliminates contributory negligence. But notwithstanding the elimination of contributory negligence, if the driver of the car in which plaintiff was riding was the sole proximate cause of the injury, it necessarily follows that defendant's conduct was not a proximate cause of it. That principle, however, has been limited to a primary negligence issue so as to prevent confusion by the jury. Williams v. Wicker, supra.

After a careful consideration of refused charges 8 and 10, we think they are subject to the same analysis, and for the same reason should have been given.

The principle of an unavoidable accident charge, argued in brief, is governed by different theories not applicable to sole proximate cause charges. Alabama Produce Co. v. Smith, 224 Ala. 688(8), 692, 141 So. 674; Kelly v. Hanwick, 228 Ala. 336(9), 344, 153 So. 269; Couch v. Hutcherson, 243 Ala. 47, 8 So.2d 580, 141 A.L.R. 697.

For the errors pointed out, the case is reversed and remanded.

Reversed and remanded.

SIMPSON, GOODWYN and MERRILL, JJ., concur.