**Arthur C. LUDWIG, Plaintiff in Error,**

**v.**

**Sam L. YANCEY, Defendant in Error.**

**No. 37595.**

Supreme Court of Oklahoma.

Oct. 15, 1957.

Rehearing Denied Nov. 26, 1957.

452

Rucker, Tabor & Cox, Bryan W. Tabor, Wallace & Wallace, Tulsa, for plaintiff in error.

Heber Finch, Heber Finch, Jr., Sapulpa, for defendant in error.

CORN, Vice Chief Justice.

This is an action by the plaintiff, Sam L. Yancey, against the defendant, Arthur C. Ludwig, for damages for personal injuries and property damage sustained by plaintiff in an automobile accident. The cause was tried to a jury, which resulted in a verdict for the plaintiff in the amount of $15,000.

Evidence in the record shows that plaintiff was an employee of Amis Construction Company, which was on May 23, 1955, engaged in constructing and rebuilding Highway 66 in the immediate vicinity of Kellyville, Oklahoma. The construction of the road was carried on "Under Traffic", that is the road was open to restricted traffic.

The 7.2 miles construction project was marked with "Caution" and "35 miles per hour" signs throughout the entire project. At each end of the project special signs and blinker lights were maintained. Testimony reveals the signs were erected under supervision of proper personnel of the State Highway Department.

The construction project was not completed at the time of the accident, May 25, 1955. Thirty men were working on the road at that time. The plaintiff had driven a truck to the west end of the project to deliver certain equipment to the Amis Construction Company employees and had returned to the city of Kellyville. Amis maintained its headquarters at Kellyville, keeping its tools and equipment in a warehouse on the west side of the highway under construction. Directly across the road, and on the east side of said highway, it kept materials used in the construction work. Trucks and other construction equipment employed in the work constantly used this area in crossing from one side of the road to the other. In addition to the other signs placed along the highway, two warning signs were erected in the area at Kellyville which read "Truck Crossing Dangerous". The plaintiff testified that on his return to Kellyville he drove his truck off the road on the east side of the said highway for instructions from his foreman, who waved him across the road to the warehouse. He stated that he looked to his right and saw defendant's car approaching at approximately 1000 feet. He then started across the highway and a collision occurred between the plaintiff's truck and the car of the defendant in approximately the center of the road. There is evidence to the effect that Ludwig's car swerved to his left, or to the center of the road, that his car skidded 68 feet, hit the pickup of Yancey and knocked it approximately 19 feet. The lowest estimate of the speed of Ludwig's car was 50 miles per hour, and the highest 70, in the construction zone marked 35 mph, and in the area marked as a truck crossing.

As his first assignment of error, defendant contends that the delegation of authority to State Highway Department by the Legislature in 47 O.S.A.Supp.1953, Sec. 121.3(a) to fix speed limits along State and Federal Highways under construction or repair is an unconstitutional delegation of authority.

The criminal Court of Appeal stated in the case of Jones v. State, 95 Okl.Cr. 323, 245 P.2d 756, 759, that legislature may delegate to the highway commission authority and the right to place warning devices and safety signs at various places on the highway for the protection of the traveling public. The pertinent part of said opinion states:

"* * * The authority to place these traffic signs upon the state highways would not be an illegal delegation of legislative authority. It could not be expected that the legislature could at all times be in session and ready to erect signs for the many roads that are being built and maintained in the state. It is necessary under the police power of the state for the regulation of traffic and the safety of the persons who use the highway to create an administrative agency, such as the highway commission, to carry out ministerial acts by placing warning signs and safety devices and signals and other signs upon the highways."

The legislature in 1951 amended 47 O.S. 1951 Sec. 121.3(a) to read as follows:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than, nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other condition then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead; and where any State or Federal Highway shall be under construction or repair, or a detour shall have been designated by reason of construction or repairs in progress, and the State Highway Department shall have determined a maximum safe, careful and prudent speed on such highway or detour, during the period of such construction or repairs, and shall have plainly posted at each terminus thereof and at not less than each one-half (½) mile along the route thereof, such determined maximum speed, no person shall drive any vehicle upon such portion of such highway, or upon such detour, at a speed in the excess of the speed so determined and posted."

It is apparent that the legislative intent was expressed that where a highway was under construction or repair, and posted with maximum safe speed signs in accordance with the statute, a speed in excess of that posted would constitute imprudent driving. The legislature has delegated no authority by enactment of the latter portion of this statute, but has enacted into law a provision which makes operation of a part of the law effective upon the happening of a contingency determinable by the State Highway Department.

In the case of Jones v. State, 95 Okl.Cr. 323, 245 P.2d 756, 758, the Court in discussing the question of unlawful delegation of legislative "powers" held:

"So long as a policy is laid down and standard established by statute, no unconstitutional delegation of legislative power is involved in leaving to selected instrumentalities the making of subordinate rules within prescribed limits and the determination of facts to which the policy as declared by the legislature is to apply."

The Supreme Court of Oklahoma has also stated that the power to determine the law's policy is primarily legislative, and cannot be delegated, but the power to make rules of subordinate character to carry out that policy and apply it to varying conditions, though partaking of legislative character, is in its dominant aspect administrative and delegable. Associated Industries

of Oklahoma v. Industrial Welfare Commission, 185 Okl. 177, 90 P.2d 899; Rush v. Brown, 187 Okl. 97, 101 P.2d 262.

In 11 Am.Jur. 949, Constitutional Law, Sec. 245, the writer states:

"In accordance with the power of the legislature to enact laws the effect and operation of which are made dependent on the happenings of certain contingencies, the condition selected may be the ascertainment of particular facts by executive or other officers. This has given rise to the well established distinction that although the legislature cannot delegate a power to make a law, it can delegate a power to determine some facts on which the law may depend."

■ Applying these principles as a test to 47 O.S.1951 Sec. 121.3(a), and that portion particularly applying to establishment of a prudent speed upon roads under construction and repair by the State Highway Department; we hold that the legislature has clearly outlined it's intent to govern speed in such areas by declaring as an imprudent speed, one that violated the posted speed by State Highway Department pursuant to well outlined plan as set forth in the statute.

We therefore hold the 47 O.S.1951 Sec. 121.3(a) is constitutional.

Defendant complains that trial court committed error in giving instructions based upon 47 O.S.1951, supra, because plaintiff failed to prove that the State Highway Department had promulgated a rule that the speed limit along the construction project was 35 miles per hour. We cannot agree with this contention. The pertinent part of the statute reads as follows:

"* * * and where any State or Federal Highway shall be under construction or repair, or a detour shall have been designated by reason of construction or repairs in progress, and the State Highway Department shall have determined a maximum safe, highway or detour, during the period careful and prudent speed on such of such construction or repairs, and shall have plainly posted at each terminus thereof, and at not less than each one-half (½) mile along the route thereof, such determined maximum speed, no person shall drive any vehicle upon such portion of such highway, or upon such detour, at a speed in excess of the speed so determined and posted."

This section of the statute makes no mention of a rule but allows the State Highway Department, when a road is under construction to determine a maximum safe, careful and prudent speed upon the highway or detour during the period of construction or repairs, and further requires the posting of such speed according to the statute; violation of such speed then becomes imprudent driving.

■ There is evidence in the record of the determination of a maximum safe, careful and prudent speed and the posting of the same by Highway Department employees. With such a showing in the record, it became the duty of the defendant to show by way of rebuttal evidence that such was not the case. Defendant offered no such evidence in this case.

■ In 42 Am.Jur. 680, Public Administrative Law, Sec. 240, the writer states:

"The general rule that in the absence of evidence to the contrary, public officers will be presumed to have properly performed their duties and not to have acted illegally, but regularly and in a lawful manner, is usually applied when regulations, decisions, or orders of administrative officers are challenged in court, and the burden of proving otherwise is upon the party complaining."

Stated in another way, the courts will presume, in the absence of evidence to the contrary, that public officers have not culpably neglected or violated their official duties and have not acted illegally in the doing of any official act.

This rule has been followed in erection of traffic signs in other states. See Viggian v. Connecticut Co., 122 Conn. 514, 191 A.

95; Huffman v. Jackson, 175 Va. 564, 9 S.E.2d 295; Mobile Cab & Baggage Co. v. Armstrong, 259 Ala. 1, 65 So.2d 192; Allen v. Zickos, 37 Ala.App. 361, 68 So.2d 841; and Mobile City Lines v. Orr, 253 Ala. 528, 45 So.2d 766.

Defendants complain of instruction number 10 given by the trial court and contends that the instruction failed to contain all the elements necessary to excuse a construction worker driving a vehicle from the rules of the road as provided in 47 O.S. Supp., 1953, Sec. 121.14:

"The provisions of Sections 121.4; 121.5; and 121.8 of the Uniform Traffic Code, (Title 47, Sections 121.1 to 121.-13, both inclusive, O.S.1951) shall not apply to vehicles or machinery used in the construction or maintenance of highways, and such vehicles or machinery may be operated on any part of the road, whether the same is open to traffic or closed, when such operation is necessary in the maintenance or construction of said highway; provided that the Department of Highways shall protect all such operations with adequate warning, signs, signals, devices or flagmen."

Instruction number 10, given by the trial court, is as follows:

"You are instructed that, under the law of this State, the driver of a motor vehicle or any other machinery, engaged in the construction, maintenance and repair of the public highways of this State, is excused from the provisions of the law requiring drivers of motor vehicles to keep to the right of the center-line of the highway, turning, stopping, and slowing of a vehicle, parking or standing on the roadway; and that such statutory requirements do not apply to the driver of a motor vehicle used in such operation whether the highway is closed or open to traffic, provided the Department of Highways shall designate such operation as being in progress, with adequate warning signs, signals, devices or flagmen."

 The defendant complains that the words "when such operation is necessary" have been omitted from the instruction. Careful reading of the instruction reveals that the trial court added the words "engaged in construction" a phrase which is much more limiting than the words of the statute; and that jury could not have been misled by the instruction. We are of the opinion that instruction number 10 of which defendant complains would place a greater burden on the plaintiff, and that the same was not prejudicial to the defendant, and that no error was committed in the giving of such instruction. Chicago, R. I. & P. R. Co. v. Hale, 208 Okl. 141, 254 P.2d 338.

Judgment affirmed.

JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.