LEGISLATURE — CREATION OF GOVERNMENTAL AGENCIES -" PUBLIC OFFICES " The Legislature, may not, as prohibited by Article IV, Section 1 of the Oklahoma Constitution, delegate the legislative function of creating governmental agencies, whether they are federally funded or not, away from the legislative branch of government when such delegation does not provide the necessary guidelines which would enable that delegation to be a valid exercise of legislative power. An elected official may not serve as a member of any administrative body if both positions, pursuant to 51 O.S. 6 [51-6] (1971), are " public offices " or offices "under the laws of the State" and if there is no legislative authority permitting such official to serve as a member of an administrative body. The Attorney General's office is in receipt of your opinion request wherein you ask the following questions: "1. Can the Legislature constitutionally delegate their legislative authority to the Governor by granting him the authority to create federally funded agencies that were not in existence during the time the Legislature was in session ? "2. Can the Governor create executive agencies on any new programs created by Congress that the Legislature did not have an opportunity to pass on? "3. Can the Governor, under Senate Bill No. 224, create agencies by executive order which the Legislature considered and refused to create? "4. Can an elected official serve as a member of any administrative body without specific legislative authority?" The determinative issue to be resolved is whether the Governor may create agencies, pursuant to Senate Bill No. 224, First Session, Thirty-fourth Oklahoma Legislature (1973), the pertinent sections of which read as follows: "Section 1. As used in this act, 'agency' means any board, commission, department, authority, bureau, office or other entity created with authority to make rules and formulate orders as defined in the Administrative Procedures Act. "Section 2. During the time the Legislature is in session, it is the sole authority for the creation of an agency. "Section 3. Agencies may be created by executive order of the Governor during the interim between sessions of the Legislature. "Section 4. An executive order creating an agency shall clearly define its purpose and the duties, responsibilities and qualifications of agency officials, salaries of the officials, projected number of employees and the maximum permissible expenditures of the agency." The answer to the specific issue of whether such agencies may be created by the Governor pursuant to the above bill, is dependent upon an interpretation of Article IV, Section 1 of the Oklahoma Constitution, which provides for three separate branches of government. Article IV, Section 1 states: "The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the other." The essence of the above quoted section is that each branch of government is separate and distinct and that neither shall perform the other's specific function. The general rule in Oklahoma, with respect to the constitutionality of a delegation of legislative authority, that which only the Legislature should perform, is expressed in State v. Parham, 412 P.2d 142 (1966), wherein the Court stated: "It is well settled in this jurisdiction that the power to determine the policy of the law is primarily legislative and cannot be delegated, whereas the power to make rules of a subordinate character in order to carry out that policy and apply it in varying conditions, although, partaking of a legislative character, is in its dominant aspects administrative and can be delegated." "It is difficult to define the line which separates legislative power to make laws from administrative authority to make regulations. Clearly, the legislative body must declare the policy of the law and fix some kind of legal principles which are to control in given cases. It must provide an adequate yardstick for the guidance of the executive or administrative body, or officer empowered to execute the law, because regulations made by executive officers are valid only as subordinates to a legislative policy, sufficiently defined by statute, and must, moreover, be within the framework of such policy." See also Rush v. Brown, 101 P.2d 262 (1940) and Ludwig v. Yancy, 318 P.2d 450 (1957). Of additional import in discussing the degree to which the Legislature may delegate its authority is the case of Ex Parte Woodruff,210 P.2d 191 (1949), wherein the court stated: "We find these two cases, as the other cases cited by petitioner, support what has long been the rule in this jurisdiction; that is, that the law-making prerogative is a sovereign power conferred by the people upon the Legislative branch of the government in the state or nation, and that such authority cannot be delegated to other offices, boards or commissions, or branches of government. Therefore, neither the Congress of the United States, nor the Legislature of Oklahoma, can delegate its power, but may confer administrative power on an executive, a board or commission." The ability to delegate administrative aspects of a particular law is followed in Board of Commissioners of Pawnee County, Oklahoma v. United States,139 F.2d 248 wherein the Court stated: "It is, of course, true that Congress may not, within the constitutional framework, grant law-making power to the Executive branch of government, to be exercised under the guise of administrative discretion. In other words, Congress must prescribe the standards or declare the legislative policy which is to be administered by the executive." And Atchley v. Board of Barber Examiners of the State, 257 P.2d 302
(1953), wherein the Court stated: "In order that a court may be justified in holding a statute unconstitutional as a delegation of legislative power, it must appear that the power involved is purely legislative in nature, pertaining exclusively to the legislative department, and not one merely incidental to some of the administrative powers for the exercise of which a board or commission was created." The question, therefore, is whether the creation of an agency, by the Governor and all the powers and duties incident thereto, is an administrative act, capable of being delegated or one properly belonging to the Legislature. The word "administrative" has been defined as follows: " 'Administrative' means ministerial; pertaining to administration; particularly having character of executive or ministerial action, and when particularly applied to special duties connected with government, executive; a ministerial duty; one in which nothing is left to discretion." Mauritz v. Schwind, Tex. Civil App.,101 S.W.2d 1085. In addition "administrative acts" has been defined as follows: "Acts of an officer which are to be deemed as acts of administration, and are commonly called 'administrative acts' and classed among those governmental powers properly assigned to the executive department are those acts which are necessary to be done to carry out legislative policies and purposes already declared by the legislative body. . ." Ex Parte McDonough,80 P.2d 485 (1938). Although Oklahoma is silent on the specific question of whether the creation of an agency or entity of the State is an administrative act or one legislative in nature, several other jurisdictions have discussed that issue. The creation of school districts, governmental offices, and the creation of municipalities and fixing their boundaries, are all acts of legislative function and it would follow therefore, that those same acts could not be delegated. State ex rel. Miller v. Common School District No. 87, Brown County, 185 P.2d 677, Tucker v. State, 35 N.E.2d 270, and Ritchie v. City of Brookhaven, 65 So.2d 436. With specific application to whether the creation of a state agency is a legislative function the following cases hold as follows: State v. Hubschman, 195 A.2d 913 (1963) states that the Legislature has the constitutional power to create administrative agencies including the Highway Authority, and State v. Nash, 133 N.W.2d 769 (1965), wherein the Court said: "The functions of administrative agencies and courts are so different that the rules governing judicial proceedings are not ordinarily applicable to administrative agencies, unless made so by statute. It is not the province of courts to prescribe rules of procedure for administrative bodies, as that function belongs to the Legislature. The Legislature may either prescribe rules for pleadings and procedures before such bodies or it may authorize the administrative board or agency to prescribe its own rules." The Court goes on to point out that administrative agencies are creatures of the Legislature and are different from the Judicial branch of government; Walter v. Richie, 191 S.E.2d 275 (1972), wherein the Court stated: "Administrative agencies are creatures of statute and delegates of the Legislature. Their power is dependent upon statutes, so that they must find within the statute warrant for the exercise of any authority which they claim." Mount St. Mary's Hospital v. Catherwood, 200 N.E.2d 508 (1970). Here the Court stated that only the Legislature may establish a tribunal, other than a court, to hear and determine disputes even where substantial property rights are involved; and Gibbs v. Cochran,198 So.2d 607 (1967), wherein the Court stated: "The appellate courts of this State are firmly committed to the constitutional right of the Legislature to provide for the creation of administrative boards and commissions with authority to enact regulations and change them from time to time and to provide that a violation of such rules and regulations will be a criminal offense." In Wells v. Childers, 165 P.2d 358 (1945) the Supreme Court of Oklahoma discussed the powers of the Governor under House Bill No. 518, which created a special cash fund for the use of the Governor. With respect to the specific guidelines promulgated in Sections 5 and 6 of the Bill, the Court stated: ". . . It is clear that in House Bill No. 518 the Legislature definitely set forth its policy and purpose to protect the state, in the interim between its sessions, from the evil effects due to contingencies or emergencies which might happen, and which could not be provided against prior to their occurrence. It legislated upon the subject as far as practicable, and left to the Chief Executive discretion to determine the facts, and apply the provisions of the act to the particular situation. The contingencies which the Legislature anticipated most likely to occur were specifically set forth, and the limitation placed on the power of the Governor was that any such sums as were necessary to remedy the mischief caused by them were to be allocated or expended. . . ." In view of the above quoted authorities it is clear that the Legislature may not delegate to the Executive branch of government its law-making function. It is also clear that the Legislature may delegate an administrative function notwithstanding their quasi-legislative aspects. It is also clear that the Legislature may delegate this function only when, in view of the above quoted authorities, the guidelines set forth by statute are specific. Therefore, it is clear that Senate Bill No. 224, because of the "creative" power it gives to the Governor, and because of the total discretion as to all aspects of the agency's identity, function and powers created thereunder, that there has been an unlawful delegation of legislative power. This delegation contravenes Article IV, Section 1 of the Oklahoma Constitution and the cases cited thereunder. Because we reach this decision there is no need to consider the issue of whether such agency may be federally funded. Likewise, there is no necessity to reach the issues presented in your questions No. 2 and 3. With respect to question Number 4 which raises the issue of whether an elected official may serve as a member of an administrative body, Title 51 O.S. 6 [51-6] (1971) (Dual Office Holding) states in pertinent part: "Except as may be otherwise provided, no person holding an office under the laws of the State and no deputy of any officer so holding any office shall, during his term of office, hold any other office, or be the deputy of any officer holding any office, under the laws of this State. . . ." This particular provision, known as the dual office holding provision, has been construed a number of times, the latest expression being Opinion No. 73-114, issued February 19, 1973, where the issue raised was the legality of an elected member of the Board of County Commissioners serving as a commissioner for a housing authority. In that opinion this office held: "A person may not legally serve as a member of a housing authority and as a member of the Board of County Commissioners at the same time." The prohibition on dual office holding, is premised upon both positions, being " public offices " or offices "under the laws of the State." In Guthrie Daily Leader v. Cameron, 3. Okl. 677, 41 P. 635
(1895), the Oklahoma Supreme Court defined "public office" as follows: ". . . 'A public office is the right, authority, and duty created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised for the benefit of the public; . . .' " Absent direct or indirect legislative authorization, if it is determined that both positions are "public offices" or offices "under the laws of the State," such dual office holding is prohibited by 51 O.S. 6 [51-6] (1971). It should be noted that there are numerous instances of authorized dual office holding. The Legislature has created numerous "ex officio" boards and commissions composed of elected or appointed public officials. It is, therefore, the opinion of the Attorney General that your questions should be answered as follows: The Legislature, may not, as prohibited by Article IV, Section 1 of the Oklahoma Constitution, delegate the legislative function of creating governmental agencies, whether they are federally funded or not, away from the legislative branch of government when such delegation does not provide the necessary guidelines which would enable that delegation to be a valid exercise of legislative power. The answer to your first question makes it unnecessary to answer your second and third questions. Your fourth question is answered in the negative if both positions, pursuant to 51 O.S. 6 [51-6] (1971), are " public offices " or offices "under the laws of the State" and if there is no legislative authority permitting such elected official to serve as a member of an administrative body. (Marvin C. Emerson)