**Orville H. DOBBS and Alma Dobbs, husband and wife, Plaintiffs,**

v.

**MISSOURI PACIFIC RAILROAD COMPANY, a corporation, Defendant.**

**No. 75–162–Civil.**

United States District Court, E. D. Oklahoma.

Nov. 13, 1975.

D. K. Cunningham, Vian, Okl., Loyal J. Roach, III, and Tom Armstrong, Tahlequah, Okl., for plaintiffs.

William K. Powers and Frank E. Turner, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

In this diversity action Plaintiffs seek recovery for damages allegedly resulting from Defendant's diversion of flowing water across Plaintiffs' property. Plaintiffs allege that in the years 1963–1974 they acquired certain described real property; that Defendant maintains a railway line adjacent to said property; that for many years prior to 1952 Defendant directed the flow of water off adjoining lands to the north of said railway line to be discharged into streams to the north of said railway line; that in 1952 Defendant built a bridge which causes the water previously flowing into streams to the north of said railway line to flow across land to the south of said line; that no one in Plaintiffs' chain of title granted Defendant permission to build said bridge or an easement to cause water to flow across Plaintiffs' land; and that Defendant's action has caused Plaintiffs crop damage and permanent loss of use of land.

Defendant has filed herein alternative Motions to Dismiss or for a More Defi-nite Statement. Rule 12, Federal Rules of Civil Procedure. The gist of Defendant's Motion to Dismiss is that the applicable Oklahoma limitations period has run, and, therefore, Plaintiffs have failed to state a claim upon which relief can be granted.[1] Plaintiffs' response is that they have stated a cause of action sounding in continuing trespass.

For purposes of a Rule 12(b)6, Federal Rules of Civil Procedure, Motion to Dismiss for failure to state a claim upon which relief can be granted a Complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Martin v. King,* 417 F.2d 458 (Tenth Cir. 1969). All doubts concerning the sufficiency of the allegations of the Complaint must be resolved in favor of the plaintiff. *Supchak v. United States,* 365 F.2d 844 (Third Cir. 1966). Moreover, the Supreme Court has stated:

> ". . . In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief . . ." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Oklahoma does not appear to recognize the continuing trespass/permanent trespass distinction alluded to by Plaintiffs.[2] The applicable Oklahoma rule is that a cause of action based on trespass to real property caused by the construction of permanent improvements on some other property accrues either at the time of the construction of the permanent improvement or at the

---

1. Although there is much authority to the contrary, most of which is old, it appears to now be well settled that the defense of limitations may be raised by a motion to dismiss where the Complaint on its face shows that the action has not been instituted within the statutory period and it is apparent that there is no genuine factual controversy as to the availability of the defense. *Rohner v. Union Pacific Railroad Company,* 225 F.2d 272 (Tenth Cir. 1955); *Zie-gler v. Akin,* 261 F.2d 88 (Tenth Cir. 1958); *Wilburn v. Pepsi-Cola Bottling Company of St. Louis,* 492 F.2d 1288 (Eighth Cir. 1974); *White v. Padgett,* 475 F.2d 79 (Fifth Cir. 1973); *Tanner v. Presidents-First Lady Spa., Inc.,* 345 F.Supp. 950 (E.D.Mo.1972).

2. At least the Oklahoma Courts do not apply this terminology. They may follow the same concept.

time of the resulting trespass. *Murduck v. City of Blackwell,* 198 Okl. 171, 176 P.2d 1002 (1946). Whether such a cause of action accrues at the time of the construction of the permanent improvement or at the time of the resulting trespass turns on an issue of fact as to whether the trespass complained of is the natural result, or may be regarded as the obvious consequence of the construction of the improvement. *City of Henryetta v. Runyan,* 207 Okl. 300, 249 P.2d 425 (1952); *Fletcher v. City of Altus,* 188 Okl. 342, 108 P.2d 781 (1940). If a trespass is a natural result or obvious consequence of the construction of a permanent improvement, a cause of action for such trespass would accrue at the time of the construction of the improvement. If a resulting trespass ·is not a natural result or obvious consequence of the construction of a permanent improvement, a cause of action for such trespass would not accrue until the time of the trespass. When an improvement is permanent in character [3] and its continued operation is not necessarily injurious to other property, but may or may not be, the injury to be compensated in a suit is only the damage which has already accrued, and there may be as many successive recoveries as there are successive injuries. *City of Henryetta v. Runyan, supra; City of Henryetta v. Runyan,* 203 Okl. 153, 219 P.2d 220 (1950).

In summation, where a trespass is the natural result of, or obviously conse-

quential from, the construction of a permanent improvement, the cause of action arising from a resulting trespass accrues upon the construction of the improvement, and in an action for that trespass an aggrieved landowner must recover for all damages which he has or will thereby sustain. Where a trespass is not the natural result of, or obviously consequential from, the construction of a permanent improvement, a cause of action arising from a resulting trespass does not accrue until a specific trespass occurs, or a specific injury is sustained, and in an action for that trespass an aggrieved landowner may recover for injuries which he has already sustained, and he may bring as many successive actions as there are successive injuries. In any case based on a trespass caused by the construction of a permanent improvement there are, under Oklahoma law, two issues of fact which must be resolved before the determination as to whether the action was timely brought can be made: (1) is the improvement permanent in character; [4] and (2) is the trespass complained of the natural result, or obvious consequence, of the permanent improvement. If the answer to either of these questions is no, then Plaintiffs would be entitled to recover for damages sustained within the limitations period immediately preceding the filing of their action.

Moreover, it appears that Plaintiffs may have stated a cause of action

---

3. In the Court's syllabus of *Elk City v. Rice,* 286 P.2d 275 (Okl.1955) the Court stated:

"For negligent injuries to realty which result from a cause susceptible of remedy or abatement, the owner is entitled to recover therefor only such damages as had accrued up to the time of the commencement of the action. For injuries resulting from a permanent cause, the owner may recover in a single action his entire damages, to wit: That amount which represents the permanent depreciation of the realty in value in consequence of the injuries.

(a) When a cause of injury is abatable, either by an expenditure of labor or money, it will be held not permanent.

(b) When not permanent, the statute of limitation does not begin to run until the injury is suffered."

4. In the syllabus of *Elk City v. Rice, supra,* as quoted above in Note 4 the court stated:

"(w)hen a cause of injury is abatable, either by an expenditure of labor or money, it will be held not permanent." In every case involving what is involved herein, trespass caused by the construction of a permanent improvement the cause of the injury, the permanent improvement, can be abated by an expenditure of labor or money; all it takes to construct a permanent improvement is an *expenditure of labor and money.* Thus it must be remembered that abatement is an equitable remedy and equity will balance the hardships in a case before entering an order; hence if the cost of a permanent improvement is greater than the resulting damage, it is doubtful that equity would order the cause abated.

based on wrongful diversion of surface waters. While the Complaint is unclear, it may be that the waters involved herein may be surface water.

> "Surface waters are those which, in their natural state occur on the surface of the earth in places other than definite streams or lakes or ponds. They may originate from any source and may be flowing vagrantly over broad lateral areas or, occasionally for brief periods, in natural depressions. The essential characteristics of such waters are that their shortlived flows are diffused over the ground and are not concentrated or confined in bodies of water conforming to the definition of lakes or ponds." *Oklahoma Water Res. Bd. v. Central Okl. M. C. Dist.*, 464 P.2d 748 (Okl.1968)

At Common Law surface water was regarded as the common enemy which each landowner could fight as he saw fit. In Oklahoma the Common Law rule has been modified to the extent that each proprietor may divert, cast back, or pass along surface water as he sees fit provided he can do so without injury to his adjoining proprietor. Under this rule, no one is permitted to sacrifice his neighbor's property in order to protect his own. *Iven v. Roder*, 431 P.2d 321 (Okl.1967); *Lynn v. Rainey*, 400 P.2d 805 (Okl.1965). The upper owner of land has the right, without interference, to have the flow of surface water follow along a well defined water course from his land. *Chicago, R. I. & P. R. Co. v. Groves*, 20 Okl. 101, 93 P. 755 (1908). In the absence of a statute to the contrary, the rights, duties, and liabilities of a railroad company as to surface water and the obstruction of the natural flow thereof are, in general, the same as any other landowner. Under the modified view of the Common Law, a railroad must use its property in a way which does not unnecessarily damage the property of adjoining landowners; it must provide for the natural flow of surface waters if it can do so at an expense that does not outweigh the damage to adjoining property; a railroad must always maintain a culvert or other similar device where the rail-

way line crosses a natural course for the escape of surface waters; if a railroad diverts surface water into unnatural courses it must use ordinary care to prevent injury to others. 93 C.J.S. Waters § 115. Under Oklahoma law a railroad company may be held liable in damages for so constructing its tracks, grades, and yards as to divert surface water from their natural drainage upon the lands of another. *Chicago, R. I. & P. R. Co. v. Hale,* 208 Okl. 141, 254 P.2d 338 (1953); *Chicago, R. I. & P. R. Co. v. Schirf,* 267 P.2d 574 (Okl.1954). Under Oklahoma law, the same rule of accrual applies to cases sounding in wrongful diversion of surface waters as in cases sounding in trespass through construction of permanent improvements. See *Lundy v. Atchison, T. & S. F. Ry. Co.,* 94 Okl. 130, 220 P. 857 (1923).

In view of the above mentioned rules of Oklahoma substantive law and Federal rules of procedure it would be impossible for this Court to say that Plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, Defendant's Motion to Dismiss should be overruled.

The second request in Defendant's Motion is for a More Definite Statement of certain matters in Plaintiffs' Complaint relating to damages. Under Rule 12(e), Federal Rules of Civil Procedure, if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, a party may move for a more definite statement before imposing his responsive pleading. Plaintiffs' Complaint is sufficiently definite to allow a responsive pleading. The substantive counts are definite. The matters on which Defendant seeks clarification are matters which are appropriately the subject of discovery. Accordingly, Defendant's Motion for More Definite Statement should be overruled.

Each of Defendant's Motions are overruled. Defendant is directed to file its answer herein within twenty (20) days from the date hereof.