21-102-cv
<u>Samake v. Thunder Lube, Inc., et al.</u>

# United States Court of Appeals
# for the Second Circuit

No. 21-102-cv


SEKOUBA SAMAKE,
<u>Plaintiff-Appellant</u>,


<u>v.</u>


THUNDER LUBE, INC., ABKO ASSOCIATES, INC. AND DROR HERSHOWITZ,
<u>Defendants-Appellees</u>.


ARGUED: OCTOBER 8, 2021
DECIDED: JANUARY 27, 2022



Before:      JACOBS, MENASHI, <u>Circuit Judges</u>, LIMAN, <u>District Judge</u>.[1]

Plaintiff Sekouba Samake appeals from the orders of the United States District Court for the Eastern District of New York (Vitaliano, <u>J.</u>) deeming his Rule 41(a)(1)(A)(i) notice of dismissal without prejudice withdrawn and compelling arbitration. On appeal, Samake argues that the district court should

---

[1] Judge Lewis J. Liman of the United States District Court for the Southern District of New York, sitting by designation.

have either denied the motion to compel arbitration or given effect to his earlier notice of dismissal.

We hold that (i) the district court properly retained jurisdiction following the notice of dismissal to conduct a <u>Cheeks</u> review of any possible settlement of Samake's Fair Labor Standards Act claims; and (ii) the district court reasonably interpreted Samake's request to continue the litigation as a withdrawal of the notice of dismissal, and, in its discretion, deemed it withdrawn. Having thus determined that the district court deemed the notice of dismissal withdrawn on June 25, 2019, and therefore had jurisdiction to enter the order to compel arbitration on December 22, 2020, we conclude that Samake failed to take a timely appeal of the order deeming his notice of dismissal withdrawn, and that the order to stay and compel arbitration is an unappealable interlocutory order.

We DISMISS the appeal for lack of jurisdiction.

JUDGE MENASHI concurs in the judgment in a separate opinion.

_____

ABDUL K. HASSAN, Abdul Hassan Law Group, PLLC, Queens Village, NY, for Plaintiff-Appellant.

2

MICHAEL BRUK, Law Office of Michael Bruk, New York, NY, for Defendants-Appellees.

DENNIS JACOBS, Circuit Judge:

Plaintiff Sekouba Samake filed this suit against his former employer for alleged violations of the Fair Labor Standards Act and other laws. After the employer moved to compel arbitration, Samake filed a notice of voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). The next day, the district court entered an order retaining jurisdiction over the case pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), pending confirmation that the parties had not reached any settlement that would necessitate review.

In response, Samake filed a letter disclaiming a settlement but asserting that the case must continue in federal court. The court interpreted the letter as a request to withdraw the notice of dismissal, and ordered the parties to determine a briefing schedule for the pending motion to compel arbitration. The parties fully briefed the motion to compel arbitration, which the district court granted.

In Cheeks, this Court held that any Fair Labor Standards Act ("FLSA") settlement must be reviewed by the district court for compliance with that Act

before the parties may dismiss a case with prejudice by joint stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  See Cheeks, 796 F.3d at 206–207.  The Court acknowledged that a stipulated dismissal is typically effective automatically under Rule 41(a)(1)(A)(ii), but cited the exception for an "applicable federal statute," Rule 41(a)(1)(A), and ruled that the FLSA is such a statute.  Id. at 206.

We hold that the FLSA limits the automatic operation of Rule 41(a)(1)(A)(i), which concerns unilateral dismissals, as well as (ii), which concerns stipulated dismissals.  Accordingly, the district court properly retained jurisdiction to inquire whether the parties had reached a settlement necessitating Cheeks review.  Further, we conclude that the district court reasonably interpreted Samake's letter--filed while the district court retained jurisdiction--as a request to withdraw his unilateral dismissal, which it then in its discretion deemed withdrawn.

As a result, the withdrawal of Samake's notice of dismissal was effected on June 25, 2019.  Since Samake failed to appeal it within the 30 days required under Federal Rule of Appellate Procedure 4(a)(1)(A), we lack jurisdiction to review it.

4

The order to compel arbitration, entered on December 22, 2020, was appealed within 30 days; but it is an unappealable interlocutory order. See 9 U.S.C. § 16(b). Since that is the only order that is presented to us, we dismiss this appeal for lack of appellate jurisdiction.

## BACKGROUND

The facts that bear upon this appeal are procedural. On February 24, 2019, Plaintiff Sekouba Samake filed suit seeking unpaid overtime wages from his former employer, Thunder Lube, Inc. and others ("Thunder Lube") under the FLSA and other statutes. On May 16, 2019, Thunder Lube moved to compel arbitration. In response, on June 17, 2019, Samake filed a unilateral notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).

The next day, the district court entered a docket order (the "June 18 Order") reserving decision on whether to so-order the voluntary dismissal. The district court explained that, if the parties had reached a settlement, it was subject to court review and approval in order to ensure compliance with the FLSA pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

5

The June 18 Order cited two district court decisions discussing Cheeks review: Gallardo v. PS Chicken Inc., 285 F. Supp. 3d 549 (E.D.N.Y. 2018), in which the parties "filed [a] stipulation of dismissal without prejudice in apparent effort to evade judicial review"; and Carson v. Team Brown Consulting, Inc., 416 F. Supp. 3d 137 (E.D.N.Y. 2017), which "discuss[ed] potential preclusive effect of a dismissal without prejudice in light of overbroad release provisions and the applicable statute of limitations." Joint App'x 3 (internal quotation marks omitted). Although Samake had "implie[d] that no settlement ha[d] been reached,"[2] the district court requested he "file a further letter on ECF, by June 24, 2019, stating whether the parties have reached a settlement, and, if so, whether they intend to file a motion for settlement approval" under Cheeks. Id.

Samake filed a letter as instructed, which advised that "there is no settlement of this action," but, addressing the concern expressed in Carson, went on to argue that the validity of the arbitration agreement must be reviewed because it may have "preclusive effect" on refiling his claims. Joint App'x 26–27.

---

[2] Samake filed a letter alongside his notice of dismissal explaining his decision, but did not specify whether any settlement had been reached.

Accordingly, Samake concluded, "this case must continue in this Court."  Id.

On June 25, 2019, the district court entered another docket order (the "June 25 Order"), stating that "[i]n light of [Samake's] letter[] withdrawing the voluntary dismissal," the parties should inform the court whether and when they would continue briefing the pending motion to compel arbitration.  Joint App'x 3.  The parties conferred, and Samake submitted a letter stating that "Defendants are moving forward with their motion to compel arbitration."  Joint App'x 28.  The parties completed briefing as scheduled.

On December 22, 2020, the district court granted Thunder Lube's motion to compel arbitration.  See Samake v. Thunder Lube Inc., No. 19-cv-01094, 2020 WL 11039197, at *1 (E.D.N.Y. Dec. 22, 2020).  The district court rejected Samake's argument that the obligation to arbitrate was ambiguous, id. at *2; Samake's remaining arguments--that specific provisions conflicted with the FLSA--were left to the arbitrator: "Once a court finds that an agreement exists and governs the controversy at issue, the validity and meaning of specific provisions within the Agreement to arbitrate is a matter for the arbitrator to decide."  Id. at *4

(internal quotation marks omitted).

Finally, the district court turned to the "entirely separate issue" raised by Samake "that should the Court find, as it has, his claims arbitrable, it should grant and order his earlier motion for voluntary dismissal rather than compel arbitration." Id. The district court rejected this argument because "Samake subsequently withdrew" his motion for voluntary dismissal. Id.

Samake filed a timely notice of appeal of that December 22 order. On appeal, Samake argues that either the arbitration agreement is invalid or that the district court was divested of jurisdiction to consider arbitrability because his notice of dismissal terminated the action on June 17.

**DISCUSSION**

Before we address the timeliness of Samake's appeal, we first consider whether the district court properly retained jurisdiction following Samake's notice of dismissal, and whether the district court properly deemed that notice of dismissal withdrawn, questions that bear upon our appellate jurisdiction for two reasons. See Jacobs v. Patent Enf't Fund, Inc., 230 F.3d 565, 567 (2d Cir. 2000) (addressing the district court's jurisdiction to enter the order on appeal before

8

reaching whether the appeal was properly before the circuit court).

*First*, Samake challenges the district court's jurisdiction to continue proceedings--and enter an order compelling arbitration--following his notice of voluntary dismissal. As this Court has observed in similar cases, "if the lower court had altogether lost jurisdiction over the action when the order was entered, an appeal from it will not be dismissed, but will be decided on the merits." Littman v. Bache & Co., 246 F.2d 490, 492 (2d Cir. 1957) (Hand, J.). "[U]nder the Littman formula, the question of our jurisdiction is thus dependent on our determination of the validity of the district court's action, [so] we must of course assert jurisdiction in order to make that determination." Thorp v. Scarne, 599 F.2d 1169, 1172 (2d Cir. 1979); see also Radack v. Norwegian Am. Line Agency, Inc., 318 F.2d 538, 543 n.5 (2d Cir. 1963) ("[T]here is a long line of cases to the effect that if the lower court has lost jurisdiction at the time an order is entered, an appeal will lie."). If Samake's notice of dismissal terminated the district court's jurisdiction, we have appellate jurisdiction to review the order to compel arbitration. That line of cases refutes the jurisdictional argument of the

concurring opinion.

*Second*, Samake argues that his appeal is timely because the notice of dismissal was not deemed withdrawn until the order to compel arbitration. Accordingly, if the notice of dismissal properly was deemed withdrawn, we must determine when the order was entered in order to decide whether the appeal from that order is timely.

**A**

"The applicability of Rule 41(a)(1)(A)(i) to the plaintiff's claim is a legal question which we review de novo."  Youssef v. Tishman Constr. Corp., 744 F.3d 821, 824 (2d Cir. 2014) (internal quotation marks omitted).  We conclude that, notwithstanding Samake's Rule 41(a)(1)(A)(i) voluntary dismissal without prejudice, the district court properly retained limited jurisdiction to conduct a Cheeks review.

Federal Rule of Civil Procedure 41(a)(1)(A) allows voluntary dismissal of a case (i) by a notice of dismissal filed by plaintiff prior to answer or motion for summary judgment, or (ii) by a stipulation of dismissal signed by all parties. Subject to "any applicable federal statute," Fed. R. Civ. P. 41(a)(1)(A), dismissal

10

under either Rule 41(a)(1)(A) approach requires no court action to be effective. ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 111 (2d Cir. 2012).[3]

Cheeks held that "the FLSA [is] within Rule 41's 'applicable federal statute' exception," and that the district court therefore properly retained jurisdiction--notwithstanding the parties' joint stipulation of dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii)--to review and approve (or reject) the settlement. 796 F.3d at 200–01, 206. We observed that "the majority" of district courts concluded that preemptive review was preferable to waiting for a potential future suit seeking to set aside the settlement. Id. at 205 (quoting and rejecting the district court's reasoning in Picerni v. Bilingual Seit & Preschool Inc., 925 F. Supp. 2d 368, 373 (E.D.N.Y. 2013), that parties should be allowed "to

---

[3] The concurring opinion observes that, under our precedents, a voluntary dismissal under Rule 41(a)(1)(A) has automatic effect, absent the contrary operation of an applicable federal statute. See, e.g., Thorp, 599 F.2d at 1171 n.1. But Thorp supports the jurisdiction analysis here. Thorp acknowledged that the district court's order vacating the notice of dismissal was interlocutory, and no statute provided this Court with appellate jurisdiction over that order. Id. at 1171–72. The Court concluded nonetheless that it had appellate jurisdiction to review the order because the district court entered it after losing jurisdiction. Id. (citing Littman, 246 F.2d at 492). As illustrated supra, the same principle operates here.

take their chances that their settlement will not be effective").

We hold that the same result is warranted when the dismissal is effected unilaterally under Rule 41(a)(1)(A)(i) as when dismissal is effected by stipulation of all parties under (A)(ii). As a matter of grammar and structure, the exception to automatic dismissal for "any applicable federal statute" in subsection (A) applies equally to both subsections (A)(i) and (A)(ii); and <u>Cheeks</u> held that the FLSA is such an "applicable federal statute." <u>Id.</u> The plain text (set out in the margin) thus extends <u>Cheeks</u> to all dismissals under Rule 41(a)(1)(A).[4]

Additionally, the logic of <u>Cheeks</u> as applied to Rule 41(a)(1)(A)(ii) dismissals with prejudice applies equally to Rule 41(a)(1)(A)(i) dismissals without prejudice. <u>Cheeks</u> reasoned from "the unique policy considerations

---

[4] Federal Rule of Civil Procedure 41(a)(1)(A) reads as follows:

> *Without a Court Order*. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.

underlying the FLSA" that the district courts were required to review the fairness of a settlement waiving FLSA rights before giving effect to a stipulation of dismissal with prejudice of a complaint asserting such rights. 796 F.3d at 206. "[W]ithout judicial oversight, . . . employers may be more inclined to offer, and employees, even when represented by counsel, may be more inclined to accept, private settlements that ultimately are cheaper to the employer than compliance with the Act." Id. at 205–06 (quoting Socias v. Vornado Realty L.P., 297 F.R.D. 38, 41 (E.D.N.Y. 2014)). Thus, the court concluded that stipulated dismissals with prejudice require the approval of the district court or the DOL to take effect. Id. at 206. The concern of Cheeks was with the settlement that included as one of its terms the dismissal of the action, and not specifically with whether the dismissal was with prejudice or without. That is made clear by the "proposed FLSA settlements" that the court "highlight[ed]" as presenting "the potential for abuse in such settlements" and as "underscor[ing] why judicial approval in the FLSA setting is necessary." Id. They included settlements with highly restrictive confidentiality provisions, overbroad releases, and fee awards that were disproportionate and unreasonable, as well as settlements that were reached

13

because the plaintiffs were unemployed and desperate for any money they could find. Id. It was not dispositive that the settlements were resolved through a dismissal with prejudice. In each of them, the same pernicious effects could have been achieved with a dismissal without prejudice coupled with a broad release. Cold comfort that a plaintiff could unwittingly sign away FLSA claims in a secret settlement while representing to the district court that the dismissal is without prejudice.

Unless Cheeks review applies to (A)(i) as well as (A)(ii), parties could evade Cheeks review simply by negotiating a settlement and release, then filing a unilateral dismissal without prejudice rather than a stipulated dismissal. History demonstrates that such concerns beset FLSA settlements arrived at by voluntary dismissal just as they do dismissals that are stipulated.[5] Cheeks is binding

---

[5] See, e.g., Seck v. Dipna Rx, Inc., 16-cv-7262, 2017 WL 1906887, at *1 (S.D.N.Y. May 8, 2017) (stating "[t]his case underscores the wisdom of judicial or administrative review of all settlements of claims brought under the [FLSA]" after voluntary dismissal without prejudice where plaintiff later complained he was never paid under an undisclosed settlement); Carson v. Team Brown Consulting, Inc., 416 F. Supp. 3d 137, 139 (E.D.N.Y. 2017) (rejecting voluntary dismissal without prejudice used after magistrate ordered parties to file the settlement as an explicit attempt to avoid Cheeks review, which "would likely

precedent. If it is to retain any vitality, district courts necessarily have the authority and jurisdiction to review FLSA settlements when the agreement provides for the parties to end the case via Rule 41(a)(1)(A)(i) instead of (ii). Such review may be quite limited--for instance, in this case, all that was needed was confirmation that no settlement existed--but even such limited review will ensure the FLSA's goals continue to be served.

We therefore hold that the district court properly inquired as to the existence of any FLSA settlement, and the Rule 41(a)(1)(A)(i) notice of dismissal did not automatically divest the district court of jurisdiction. Had a FLSA settlement existed, the district court would then engage in a Cheeks fairness review, but in the absence of a settlement, the notice of dismissal should be so-

narrow [the settlement's] terms"); Gallardo v. PS Chicken Inc., 285 F. Supp. 3d 549, 553 (E.D.N.Y. 2018) (holding voluntary dismissal without prejudice was "attempting an end-run around Cheeks" and "such a circumvention, if unchecked, could become standard practice, effectively undermining the courts' statutory obligation to oversee the settlement of FLSA claims"); De Jesus v. Magnetic Contracting Corp., No. 19-cv-01842, 2019 WL 4737053, at *1 (E.D.N.Y. Sept. 27, 2019) (stating in response to notice of dismissal without prejudice that "[t]he circumstances raise a concern that the parties have covertly settled FLSA claims in an effort to evade judicial review required by Cheeks").

15

ordered.

**B**

The district court ruled in its June 25 Order that Samake's June 24 letter withdrew his notice of dismissal.  The June 18 Order offered Samake the opportunity to dismiss the action simply by confirming the parties had not entered into a settlement.  He could have done that, and the court would have had to give effect to his voluntary dismissal.  Instead, Samake's letter disclaiming a settlement added that "this case must continue in this Court."  Joint App'x 27. The letter in part envisioned further proceedings to ascertain whether dismissal would preclude further litigation of the claims--a point that courts have considered in deciding whether to approve a settlement, see Carson, 416 F. Supp. 3d at 140, but one which is irrelevant to dismissal in the absence of a settlement. At the same time, Samake's letter *also* requested further proceedings in the district court regarding the arbitration agreement's enforceability--proceedings incompatible with the voluntary dismissal, if ordered.  And when the district court stated that the notice of dismissal had been withdrawn, Samake acquiesced.  He did not raise a contemporaneous objection, or notice an appeal of

16

the June 25 Order.[6]  See infra Part C.  Instead, Samake proceeded to litigate the case.  He negotiated a briefing schedule with Thunder Lube, then fully briefed the motion to compel arbitration that he now claims was never before the district court.

The district court's decision to effect Samake's affirmative request to continue litigating, made while the parties remained subject to its jurisdiction, see supra Part A, was within its discretion and provided clear guidance to the parties.  No more was necessary.  If Samake could dismiss his case without prejudice and then refile the same suit, there is no reason why Samake could not withdraw his notice of dismissal without prejudice before it had been acted upon and continue the case.

By stating on the record that Samake withdrew his notice of dismissal, the district court also shut down any gamesmanship.  Samake argued both before the district court and here that either (1) he wins the motion to compel arbitration or (2) the district court was without jurisdiction to rule on the motion at all.  But

---

[6] Likewise, Thunder Lube did not object to or notice an appeal of the June 25 Order, as it could have done if it disagreed with the district court's decision to deem Samake's notice of dismissal withdrawn.

17

the June 25 Order preempted this argument: the district court expressly acknowledged that Samake had withdrawn the notice of dismissal (a characterization which Samake only questioned after losing) and that the notice therefore was no longer pending before the court. Any other result would approve a gambit by which future FLSA plaintiffs seek an opinion that binds if they win, but becomes advisory post hoc if they lose.

The procedural history of this case is abnormal and irregular, and gives rise to a ruling that is particular to the situation. It may be that a future FLSA plaintiff similarly will seek to withdraw a voluntary dismissal rather than confirm that no settlement exists, or do both. In that situation, a district court may wish to follow a different procedure before deciding whether the plaintiff may do so, and considerations not present here--such as prejudice to the defendants from delay, or an attempt to evade the terms of an already agreed settlement--may suggest an alternate approach. We have no occasion to consider whether such approaches would be proper; we hold only that here, the district court's statement that the notice of dismissal was withdrawn, made clearly and

18

on the record, finally resolved that question on June 25, 2019.

C

Samake argues that his withdrawal of the notice of dismissal was not effected until the December 22, 2020 entry of the order to compel arbitration. As already discussed, the record is clear that Samake's withdrawal of the notice of dismissal was effected on June 25, when the district court described Samake's letter as "withdrawing the voluntary dismissal" and solicited further briefing on the motion to compel arbitration, an order which implicitly and necessarily relied on such withdrawal. The district court reiterated this timeline in the order to compel arbitration itself, referring to "the fact that Samake subsequently withdrew that motion [for voluntary dismissal]." Samake, 2020 WL 11039197, at *4.

Appellate jurisdiction turns on the existence (or not) of jurisdiction in the district court. Since (as we conclude) the district court had jurisdiction to enter the arbitration order, we lack jurisdiction to review it, under the ordinary rule making orders to compel arbitration unappealable. Whereas, if the district court lacked jurisdiction to enter the arbitration order--that is, if the district court was

19

automatically divested of jurisdiction by the notice of dismissal--the arbitration order would have been appealable under the principle of Littman.  The question whether the district court had jurisdiction when it entered the arbitration order depends on whether the need for Cheeks review prolonged the district court's jurisdiction beyond the filing of the notice of dismissal.  That is why (pace the concurrence) we have had to decide the applicability of Cheeks in order to establish whether we have appellate jurisdiction.

As we have concluded that Cheeks is applicable to a voluntary dismissal effected according to Rule 41(a)(1)(A)(i), the time for Samake to appeal the order concluding he withdrew his notice of dismissal was when the district court issued the June 25 Order.  But a notice of appeal of such an order must be filed within thirty days, which Samake failed to do.  See Fed. R. App. P. 4(a)(1)(A).

Accordingly, the only order from which a timely appeal could be taken is the order to compel arbitration; but such an order is interlocutory under 9 U.S.C. § 16(b) and we have no appellate jurisdiction to review it.  See Katz v. Cellco Partnership, 794 F.3d 341, 346 (2d Cir. 2015) ("[T]he FAA explicitly denies the right to an immediate appeal from an interlocutory order that compels

20

arbitration or stays proceedings.").

As a result, this appeal must be dismissed for lack of jurisdiction.

**CONCLUSION**

For the foregoing reasons, we **DISMISS** Samake's appeal for lack of

jurisdiction.

MENASHI, *Circuit Judge*, concurring in the judgment:

Congress has directed that we may entertain an appeal from a judgment, order, or decree of a district court only if a notice of appeal is filed "within thirty days after the entry of such judgment, order or decree." 28 U.S.C. § 2107(a). Congress has separately provided that "an appeal may not be taken from an interlocutory order … compelling arbitration." 9 U.S.C. § 16. These two rules are jurisdictional. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Accenture LLP v. Spreng*, 647 F.3d 72, 74 (2d Cir. 2011).

In this case, Sekouba Samake's notice of appeal was filed on January 17, 2021. The only action the district court took within the preceding thirty days was its order—issued on December 22, 2020—to compel arbitration and stay proceedings. Because, as the court recognizes, that was an interlocutory order compelling arbitration, we cannot review it and must dismiss the appeal. *See ante* at 20-21 (holding that "we have no appellate jurisdiction to review" the order to compel arbitration and "this appeal must be dismissed for lack of jurisdiction").

That conclusion resolves this case. "Without jurisdiction the court cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1869). We have no need to consider whether the case ought to have remained in the district court after Samake filed his notice of dismissal without prejudice. In particular, we need not determine whether the Fair Labor Standards Act ("FLSA") and our decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), required the case to continue despite the normal rules of voluntary dismissal. Yet the court plows ahead through this issue nonetheless.

The court's purported holding on this point is not only unnecessary. It is wrong. Nothing in the FLSA or in *Cheeks* deprives a plaintiff of the right to a voluntary dismissal without prejudice. Therefore, I concur only in the judgment.

**I**

The Federal Rules of Civil Procedure allow a plaintiff voluntarily to dismiss a case without a court order. Rule 41(a)(1)(A) provides:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). When a plaintiff files a notice of dismissal under Rule 41(a)(1)(A)(i), "the notice is effective the moment it is filed with the clerk." 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2363 (4th ed. 2021). The notice "automatically terminates the lawsuit," and "[n]o action by the court is necessary to effectuate the dismissal." *Thorp v. Scarne*, 599 F.2d 1169, 1171 n.1 (2d Cir. 1979); *see also Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective upon filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it.").

2

In *Cheeks*, this court held that the FLSA provides a narrow exception to this general rule. In that case, the parties agreed to a private settlement of the FLSA litigation and filed a joint stipulation of dismissal with prejudice under Rule 42(a)(1)(A)(ii). 796 F.3d at 200. The district court "declined to accept the stipulation as submitted" and "directed the parties to … show cause why the proposed settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights." *Id.* (internal quotation marks omitted). The parties sought, and the district court granted, certification for an interlocutory appeal of that order. *Id.* at 201.

This court affirmed the district court, holding that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor ('DOL')] to take effect." *Id.* at 206. Because Rule 41(a)(1)(A) usually effectuates dismissal automatically, the court's holding required an antecedent determination that the FLSA is an "applicable federal statute" within the meaning of Rule 41(a)(1)(A). *Id.* at 204. To reach that conclusion, the court considered the views of district courts in our circuit, which often required judicial approval of private FLSA settlements because "[l]ow wage employees … are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly" and because "the purposes of [the] FLSA require that it be applied even to those who would decline its protections." *Id.* at 205 (quoting *Socias v. Vornado Realty L.P.*, 297 F.R.D. 38, 40-41 (E.D.N.Y. 2014)). For these reasons, the court held that the automatic stipulation of dismissal with prejudice that would otherwise follow from Rule 41(a)(1)(A)(ii) was prohibited by the "FLSA's primary remedial purpose: to prevent abuses by

3

unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Id.* at 207.

## II

The holding in *Cheeks* was narrow. The panel in that case stated that, "[a]s it is not before us, we leave for another day the question of whether parties may settle such cases without court approval or DOL supervision by entering into a Rule 41(a)(1)(A) stipulation *without prejudice*." *Id.* at 201 n.2 (emphasis added). Today, the court purports to answer that open question and to extend *Cheeks* review to voluntary dismissals without prejudice. *Ante* at 15-16. Because there is no basis in text or precedent for departing from the usual operation of Rule 41 in this context, I disagree.

Neither the text of Rule 41 nor that of the FLSA provides any reason to take away a litigant's usual right to dismiss his case without prejudice. The Advisory Committee Notes to Rule 41 do not mention the FLSA. *Cheeks*, 796 F.3d at 204. The Notes mention other statutes—8 U.S.C. § 1329 and 31 U.S.C. § 3730—and the text of *those* statutes leaves no doubt that, when the statutes apply, voluntary dismissals with or without prejudice require court approval before taking effect. *See* 8 U.S.C. § 1329 ("No suit or proceeding … shall be settled, compromised, or discontinued without the consent of the court."); 31 U.S.C. § 3730(b)(1) ("The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."). In contrast, "the FLSA itself is silent on the issue." *Cheeks*, 796 F.3d at 204. The FLSA does not say that judicial approval is required for a notice of dismissal to take effect.

The mere fact that the FLSA is an "applicable federal statute" does not mean that litigants cannot dismiss FLSA claims without

prejudice as of right. *Id.* at 206. The assertion that Rule 41(a)(1)(A) is "[s]ubject to" the FLSA does not tell us what the FLSA requires. Fed. R. Civ. P. 41(a)(1)(A). When we considered the False Claims Act—another "applicable federal statute" according to the Advisory Committee Notes—we observed that the operation of Rule 41(a)(1)(A) remained the same, "subject to several constraints imposed by the FCA." *See United States v. L-3 Commc'ns EOTech, Inc.*, 921 F.3d 11, 18 (2d Cir. 2019). Likewise, here Rule 41(a)(1)(A) operates normally, subject only to the FLSA's specific constraints—which the panel in *Cheeks* found in "the unique policy considerations underlying the FLSA." 796 F.3d at 206.

Those considerations explain why *Cheeks* restrained the parties' ability to enter a stipulated dismissal of FLSA claims with prejudice. To reach that result, the *Cheeks* court relied on prior case law establishing that even an express agreement to waive certain statutory FLSA rights is not enforceable. *See, e.g., id.* at 202 (discussing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697 (1945)). It followed from those cases that district court or DOL approval was required for stipulated dismissals with prejudice. A dismissal with prejudice "bars future suits brought by [the] plaintiff upon the same cause of action" and "constitutes a final judgment with the preclusive effect of res judicata not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (internal quotation marks and emphasis omitted). Because "the FLSA is no bar to applying claim preclusion," *Simmons v. Trans Express Inc.*, 16 F.4th 357, 363 (2d Cir. 2021), a stipulated dismissal with prejudice is—literally—an agreement to waive the right to pursue a cause of action.

5

A dismissal *without* prejudice, however, does not present the same issue. Such a dismissal "does not operate as an adjudication upon the merits, and thus does not have a res judicata effect." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (internal quotation marks, citation, and alteration omitted). Unlike the stipulation in *Cheeks*, Samake's voluntary dismissal would not have barred him from bringing the exact same claims before the district court in the future. That Samake retained the ability to pursue his claims under the FLSA indicates that he had not "decline[d] its protections." *Cheeks*, 796 F.3d at 205 (quoting *Socias*, 297 F.R.D. at 41). Moreover, a settlement based on a dismissal without prejudice would *not* be "cheaper to the employer than compliance with the [FLSA]" because a litigant such as Samake would be free to return to the courthouse whenever he wants. *Id.* (quoting *Socias*, 297 F.R.D. at 41).

The court is therefore wrong to assert that "the logic of *Cheeks* … applies equally to Rule 41(a)(1)(A)(i) dismissals without prejudice." *Ante* at 12-13. The logic applies only to dismissals with prejudice. The idea that *Cheeks* had anything to say about dismissals without prejudice would be a surprise to the *Cheeks* panel itself, which noted that the propriety of even a "*stipulation* without prejudice" was a question "for another day," *Cheeks*, 796 F.3d at 201 n.2 (emphasis added), let alone the propriety of a unilateral notice of dismissal without prejudice. The DOL—the views of which the *Cheeks* panel solicited—similarly recognized that "a Rule 41(a)(1) stipulation of dismissal *without prejudice* … would raise separate legal questions," even as the DOL agreed that the FLSA is an "applicable federal statute." Letter Br. of Department of Labor at 1 n.1, *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (No. 14-299), ECF No.

93. These caveats would make no sense if *Cheeks* did not depend on "whether the dismissal was with prejudice or without." *Ante* at 13.

I would not extend *Cheeks* beyond its logic to voluntary dismissals without prejudice that lack res judicata effect.

**III**

Regardless of whether the district court erred when it declared on June 25, 2019, that Samake had "withdraw[n] the voluntary dismissal," Samake failed to appeal that order in a timely fashion. App'x 3. As the court notes, "the only order from which a timely appeal could be taken is the order to compel arbitration," and under 9 U.S.C. § 16(b) this court has "no appellate jurisdiction to review it." *Ante* at 20. We therefore have no occasion to reach the question of whether judicial approval is required for voluntary dismissals without prejudice because, even if the district court erred, we lack jurisdiction to correct its error on appeal.

Samake's notice of dismissal was vacated—at the latest—on June 25, 2019. The record shows that, on June 17, Samake filed a notice of voluntary dismissal. By June 25, the district court considered that notice "withdraw[n]." App'x 3. In its later order compelling arbitration, the district court reaffirmed its understanding that the notice of dismissal was no longer operative. *See id.* at 82 (noting "the fact that Samake … withdrew" his "motion for voluntary dismissal"). We should take the district court at its word because "[i]t is peculiarly within the province of the district court to determine the meaning of its own order." *Truskoski v. ESPN*, 60 F.3d 74, 77 (2d Cir. 1995) (internal quotation marks and alteration omitted). Because Samake's

7

notice of dismissal was filed on June 17 and no longer had any effect on June 25, the notice was vacated at least by that date.[1]

I believe that the vacatur was erroneous. A notice of dismissal "is effective the moment it is filed with the clerk," 9 Wright & Miller, *supra*, § 2363, and the district court had no cause for vacating the notice in this case. Still, we lack jurisdiction to reverse that error. Samake filed his notice of appeal on January 17, 2021, well outside the thirty-day window to appeal the district court order. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles*, 551 U.S. at 214. That the district court lacked jurisdiction to enter its order vacating the notice of dismissal creates no exception to our own jurisdictional constraints.

The court appears ultimately to agree that we lack the authority to correct or to affirm the district court's retention of the suit following Samake's notice of dismissal. The court explains that "the time for

---

[1] The court characterizes the notice of dismissal as having been "withdrawn" rather than vacated. *Ante* at 4. But there is no mechanism for withdrawing a notice of dismissal. "Once a notice of dismissal is filed, the case is closed and the plaintiff may not unilaterally withdraw or amend the notice." 8 James W. Moore, Moore's Federal Practice § 41.33[6][f] (3d ed. 2021). Instead, the usual procedure to set aside a notice of dismissal is through a Rule 60(b) motion to vacate the notice. *See id.* ("[T]he plaintiff may move before the district court to vacate the notice [of dismissal] on any of the grounds specified in Rule 60(b)."); *see also Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) ("Like other final judgments, a dismissal with prejudice under Rule 41(a)(1)(A)(i) can be set aside or modified under Federal Rule of Civil Procedure 60(b)."). Even when this court ultimately vacated the district court's order setting aside the plaintiff's notice of dismissal in *Thorp*, the district court's order was characterized as a "vacatur of Thorp's notice of dismissal." 599 F.2d at 1171. Samake's notice of dismissal is properly characterized as having been "vacated" rather than "withdrawn."

Samake to appeal the order concluding he withdrew his notice of dismissal was when the district court issued the June 25 Order." *Ante* at 20. In noting that a "notice of appeal of such an order must be filed within thirty days," *id.*, the court endorses the proposition that whether we may entertain the appeal depends on "whether the appeal from that order is timely," *id.* at 10, rather than whether Samake is correct about the jurisdictional question.

The court also asserts that if Samake "simply … confirm[ed] the parties had not entered into a settlement," the district court "would have had to give effect to his voluntary dismissal." *Id.* at 16. In fact, Samake *did* confirm that the parties did not enter into a settlement.[2] Thus, even accepting the court's novel view of *Cheeks*, when the district court failed to give effect to his voluntary dismissal and continued with the case, it necessarily was acting without jurisdiction. 8 Moore, *supra* note 1, § 41.33[6][e] ("Once a notice of dismissal without prejudice is filed, the court loses jurisdiction over the case."). The court suggests that it might alter the jurisdictional analysis that Samake, in an apparent misunderstanding, "envisioned further proceedings" related to an issue that is "irrelevant to dismissal in the absence of a settlement" and then "acquiesced" in the district court's decision to vacate the notice of dismissal. *Ante* at 16-17. I do not agree that either of these developments could restore the district court's jurisdiction after a notice of dismissal was properly filed. *See supra* note 1. But, in any event, the court emphasizes that its holding is

---

[2] In response to the district court's order on June 18, 2019, Samake informed the district court by letter that "there is no settlement of this action." App'x 26. He also provided "confirmation" of the absence of a settlement: an email from Thunder Lube's counsel which stated that "[t]he case has not settled." *Id.* at 26-27.

limited: "we hold only that here, the district court's statement that the notice of dismissal was withdrawn, made clearly and on the record, finally resolved that question on June 25, 2019." *Ante* at 18-19. So ultimately the court recognizes that the date on which the district court vacated the notice of dismissal—and therefore the timeliness of any appeal from that order—is dispositive.

## IV

That the court and I would dismiss this appeal for the same reason shows that we do not need to address whether *Cheeks* review applies to voluntary dismissals without prejudice. I believe *Cheeks* review does not apply, and the court believes it does—yet we all agree that "the only order from which a timely appeal could be taken is the order to compel arbitration," and, according to statute, "we have no appellate jurisdiction to review it." *Ante* at 20. In other words, the court's discussion about whether the district court erred in conducting a *Cheeks* review is dicta. *See* Michael C. Dorf, *Dicta and Article III*, 142 U. Pa. L. Rev. 1997, 2000 (1994) ("The term *dicta* typically refers to statements in a judicial opinion that are not necessary to support the decision reached by the court."). It is well settled that "[h]oldings—what is necessary to a decision—are binding" while "[d]icta—no matter how strong or how characterized—are not." *Jimenez v. Walker*, 458 F.3d 130, 142 (2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 232 n.2 (2d Cir. 2005) (Calabresi, J., concurring)).

It is strange that an opinion of this court would save the dispositive jurisdictional point for the last item of its analysis. *See ante* at 20-21. That we may have done so before in *Jacobs v. Patent Enf't Fund, Inc.*, 230 F.3d 565 (2d Cir. 2000), is no reason to do it again. *Jacobs*

10

did not directly hold that we may consider the district court's jurisdiction before assuring ourselves of our own, and "it is well established that *sub silentio* assumptions of jurisdiction have no precedential value on the jurisdictional question." *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 128 n.2 (2d Cir. 2016).[3]

In fact, the Supreme Court has been clear that we *cannot* proceed this way because "[o]n every writ of error or appeal, the first and fundamental question is that of jurisdiction, *first, of this court*, and then of the court from which the record comes." *Steel Co.*, 523 U.S. at 94 (emphasis added) (quoting *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)). Other circuits that have considered the question have properly concluded that "the question of this Court's jurisdiction (i.e., our appellate jurisdiction) is *antecedent* to all other questions, including the question of the subject matter jurisdiction of the District Court." *Petroleos Mexicanos Refinacion v. M/T King A (EX-TBILISI)*, 377 F.3d 329, 333 n.4 (3d Cir. 2004); *see also In re Lang*, 414 F.3d 1191, 1195 (10th Cir. 2005) (same); *Resolution Trust Corp. v. Sonny's Old Land Corp.*, 937 F.2d 128, 129 (5th Cir. 1991) ("Before addressing the district court's jurisdiction on removal, we must decide our own jurisdiction.").

Even if *Jacobs* could be understood to have addressed this question and to have resolved it differently than other circuits, such a decision could not survive the Supreme Court's subsequent

---

[3] *See also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998) ("We have often said that drive-by jurisdictional rulings of this sort … have no precedential effect."); *Friends of the E. Hampton Airport, Inc. v. Town of East Hampton*, 841 F.3d 133, 153 (2d Cir. 2016) ("[A] *sub silentio* holding is not binding precedent.") (quoting *Getty Petroleum Corp. v. Bartco Corp.*, 858 F.2d 103, 113 (2d Cir. 1988)).

statements emphasizing the importance of determining we have jurisdiction on appeal. *See United States v. Denedo*, 556 U.S. 904, 909 (2009) ("Before we address another court's subject-matter jurisdiction we must first determine our own."); *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 628 (2009) ("Jurisdiction over the appeal, however, must be determined by focusing upon the category of order appealed from, rather than upon the strength of the grounds for reversing the order.") (internal quotation marks omitted); *Bowles*, 551 U.S. at 213 ("As we have long held, when an appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.") (internal quotation marks omitted); *see also Liberty Synergistics Inc. v. Microflo Ltd.*, 718 F.3d 138, 146 (2d Cir. 2013) ("It is common ground that jurisdiction is a threshold matter that must exist before a court may decide the merits of an appeal.").

Regardless, if *Jacobs* somehow purported to permit us to opine on non-dispositive matters before dismissing the appeal for lack of jurisdiction, it would mean only that *Jacobs*—like today's opinion—indulged in dicta.

The court invokes *Littman v. Bache Co.*, 246 F.2d 490 (2d Cir. 1957), to suggest that we may review the subject-matter jurisdiction of the district court even when we lack appellate jurisdiction. Yet *Littman* does not authorize us to act ultra vires in that way. *Littman* applies to the limited circumstance in which a case has been dismissed but the district court issues an order that "reopens the case for consideration upon the merits" by vacating the dismissal. *Littman*, 246 F.2d at 492. Even though the district court expects further proceedings, we will not dismiss an appeal from such an order as

interlocutory but decide the appeal in order to determine whether the vacatur of the dismissal was proper. *Id.*[4]

I fully embrace the *Littman* rule. Because of *Littman*, "[t]he appealability of an order vacating a notice of dismissal under Rule 41(a)(1)[(A)] has been squarely upheld in this Circuit." *Thorp*, 599 F.2d at 1171-72 (citing *Littman*, 246 F.2d 490). That is why it is clear that Samake *could have* appealed the district court's June 25 order vacating the notice of dismissal, and we *could have* considered that appeal on the merits. But to do so, Samake had to appeal within thirty days of that order. 28 U.S.C. § 2107(a). As the court recognizes, Samake did not appeal for seven months, well outside the jurisdictional thirty-day window. *Ante* at 20. If Samake had filed a timely appeal, *Littman* would allow us to consider the appeal rather than dismiss it as interlocutory. But Samake did not file a timely appeal, and *Littman* does not create an exception to § 2107(a) that would allow us to consider an appeal over which we lack jurisdiction. *See Bowles*, 551 U.S. at 214 ("[T]his Court has no authority to create equitable exceptions to jurisdictional requirements.").

Even so, the court invents something called "the principle of *Littman*" that would allow us to review even the order to compel arbitration—in defiance of "the ordinary rule making orders to compel arbitration unappealable"—if the district court entered that

---

[4] If the district court "had altogether lost jurisdiction over the action when the order was entered," such that it lacked the authority to vacate the dismissal, we will decide that question on appeal and reinstate the dismissal. *Littman*, 246 F.2d at 492. If the district court had jurisdiction over the action, such that it acted within its authority when vacating the dismissal, then the order would properly be considered interlocutory and we will dismiss the appeal. *Id.*

13

order after it had been "divested of jurisdiction by the notice of dismissal." *Ante* at 19-20. As I understand it, the court reads *Littman* to mean that whenever a district court enters any order without jurisdiction, we may review that order on the merits regardless of the express limitations Congress has placed on our appellate jurisdiction. The court apparently believes that *Littman* announced some unwritten constitutional principle that can override Congress's express statutory command that "an appeal may not be taken from an interlocutory order … compelling arbitration." 9 U.S.C. § 16(b).

There is no such principle. We have only ever applied *Littman* to permit appellate review of orders that reopen a case. *See, e.g., Thorp*, 599 F.2d at 1171-72 (reviewing an order vacating a notice of dismissal); *Radack v. Norwegian Am. Line Agency*, 318 F.2d 538, 540 (2d Cir. 1963) (reviewing an order vacating an order of dismissal for lack of prosecution).[5] Here, the order to compel arbitration did not reopen

---

[5] We have emphasized that *Littman* and related cases apply to the specific context of "district court orders granting relief from a final judgment." *Thorp*, 599 F.2d at 1172 n.2. We have said that *Phillips v. Negley*, 117 U.S. 665 (1886)—an authority from which *Littman* derives its rule—"expressly confine[s] [its] ruling[] permitting appeal to motions to vacate made at a subsequent term of court, on the theory that, since the court cannot consider a motion as part of the old cause after expiration of the term, the motion is a new suit and a decision on it is a final disposition of that new suit, and therefore appealable." *Mohonk Realty Corp. v. Wise Shoe Stores, Inc.*, 111 F.2d 287, 289 n.1 (2d Cir. 1940). Other decisions of this court have similarly emphasized the limited scope of the rule underlying *Littman. See, e.g., Foster-Milburn Co. v. Knight*, 181 F.2d 949, 951 (2d Cir. 1950) ("[I]f a court reopens a judgment after the time has passed within which it has power to do so, an appeal lies, although the order grants a new trial and is therefore interlocutory."); *Larsen v. Wright & Cobb Lighterage Co.*, 167 F.2d 320, 322 (2d Cir. 1948) (noting an "exception" to the rule against interlocutory appeal

14

Samake's case. The reopening occurred with the June 25 order, which was not timely appealed.

Even if *Littman* applied to other sorts of orders, Congress has specifically said that we do not have jurisdiction over the order to compel arbitration. 9 U.S.C. § 16(b). *Littman* does not authorize us to ignore this express statutory command.[6]

If *Littman* had created such exceptions to our jurisdictional requirements, it would mean that a losing party could file an appeal "months, years, or even decades late" whenever it realizes that the district court lacked jurisdiction. *United States v. Machado*, 465 F.3d 1301, 1306 (11th Cir. 2006), *overruled on other grounds*, *United States v. Lopez*, 562 F.3d 1309 (11th Cir. 2009). It would also mean that an order denying a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction could always be immediately appealed—on the theory that the order denying the motion was entered in the absence of jurisdiction. *See In re Lang*, 414 F.3d at 1195 (noting that if "the lack of appellate jurisdiction did not preclude review of questions of trial court jurisdiction," an unsuccessful Rule 12(b)(1) movant "could bring an unauthorized appeal and still insist that the appellate court

---

"when the lower court sets aside a judgment after it has lost jurisdiction of the cause").

[6] In *Littman* itself, we granted a motion to dismiss an appeal from a transfer order entered after the plaintiff's notice of dismissal because it was not "among those interlocutory orders that are expressly made appealable." *Littman*, 246 F.2d at 492. In dismissing that appeal, we emphasized that "[i]t may be that our jurisdiction should be extended, but Congress has very steadfastly refused to extend it, and we must be governed thereby." *Littman*, 246 F.2d at 492. If a jurisdictional defect by the district court were enough to authorize appellate jurisdiction to correct it, an appeal from that order would have been appropriate.

decide the jurisdictional issue on the basis that such matters can be raised at any time"). For that matter, *any* order entered after the denial of a Rule 12(b)(1) motion would be immediately appealable.[7]

That is not the law. The court recognizes that "a notice of appeal … must be filed within thirty days, which Samake failed to do" for the June 25 order. *Ante* at 20. It also recognizes that "we have no appellate jurisdiction to review" interlocutory orders compelling arbitration. *Id.* Those twin observations require the dismissal of this appeal, and we therefore have no occasion to consider any other defects in the district court's rulings, jurisdictional or otherwise.

*      *      *

"The timely filing of a notice of appeal in a civil case is a prerequisite to the appellate court's jurisdiction." *Franklin v. McHugh*, 804 F.3d 627, 629 (2d Cir. 2015). That makes this case an easy one. The only order that was timely appealed was one that Congress has

---

[7] To take a particularly relevant example, the court's reading of *Littman* means that any order vacating a notice of dismissal will always be appealable at any time. Because a proper notice of dismissal divests the district court of jurisdiction, 8 Moore, *supra* note 1, § 41.33[6][e], a challenge to the vacatur of such a notice will always question the district court's jurisdiction to enter the vacatur. It is therefore odd for the court to insist that "the time for Samake to appeal the order concluding he withdrew his notice of dismissal was when the district court issued the June 25 Order." *Ante* at 20. While the court purports to dismiss Samake's appeal for lack of jurisdiction, it also suggests that it was necessary to consider his appeal on the merits before doing so. The logic of its opinion is that an appellant challenging the vacatur of a notice of dismissal will receive a decision on the merits whenever he files the appeal—irrespective of the thirty-day deadline—and will obtain relief from our court if he is correct that the district court acted without jurisdiction. That means there is no time limit for appealing an order vacating a dismissal.

16

specifically excluded from our jurisdiction. *See* 9 U.S.C. § 16(b). Accordingly, the case must be dismissed. Because the court goes further, in dicta, to provide an incorrect answer to a question we need not address, I concur only in the judgment.