21-2444-cv
*Thompson v. Steinberg*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty-three.**

PRESENT:
    ROBERT D. SACK,
    JOSEPH F. BIANCO,
    ALISON J. NATHAN,

     *Circuit Judges*.

_____

Kenneth Thompson,

    *Plaintiff-Appellee*,

   v.             21-2444-cv

Daniel S. Steinberg,

    *Defendant-Appellant*,

Aron O. Bronstein, Raquel Vasserman,

    *Defendants*.

_____

FOR PLAINTIFF-APPELLEE:    JOSEPH PAUKMAN, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:   DANIEL S. STEINBERG, *pro se*, Law Offices of
                Daniel S. Steinberg P.C., New York, NY.

Appeal from an order of the United States District Court for the Southern District in New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Daniel S. Steinberg, an attorney proceeding *pro se*, appeals from the district court's order denying his motion for sanctions against Joseph Paukman under Federal Rule of Civil Procedure 11. We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we discuss only as necessary to explain our decision to affirm.

In 2000, Aron Bronstein pleaded guilty to several counts of securities fraud. The district court sentenced Bronstein to 46 months' imprisonment, three years' supervised release, and $3,209,000 in restitution. One of Bronstein's victims was Kenneth Thompson, who lost $3,084,000 as a result of the fraudulent scheme. Bronstein made restitution payments during the time between his release from prison in 2004 until 2007. In 2017, Joseph Paukman, a lawyer representing Thompson's estate, moved for an order compelling Bronstein to restart making restitution payments. The district court ordered Bronstein to restart making payments. Even after Bronstein began making the court-ordered payments, Paukman filed a series of letters and motions on the docket of Bronstein's criminal case, alleging that Bronstein was hiding assets. The district court denied these motions.

In May 2020, in addition to filing the letters and motions in the criminal case, Paukman paid a filing fee to initiate a new federal miscellaneous action with a motion, *Thompson v. Steinberg*, No. 20-mc-207 (S.D.N.Y.), alleging that Bronstein and two attorneys, Daniel Steinberg and Raquel Vasserman, were concealing Bronstein's assets and making fraudulent

2

misrepresentations. On December 9, 2020, following letter briefing from both the government and Bronstein, the district court issued an order in the miscellaneous action, noting that Bronstein was compliant with his restitution obligations and that the court was "unaware of any factual basis to contend otherwise." Joint App'x at 26. The district court declined to take further action and ordered Paukman to direct any further inquiries as to the status of Bronstein's compliance with his restitution obligations to the government.

On January 12, 2021, Steinberg served a letter and notice of a potential motion for Rule 11 sanctions on Paukman. On January 15, 2021, Paukman filed a letter in the miscellaneous action labeled on the ECF docket sheet as a "motion to consolidate," in which he stated in relevant part:

> This letter-motion is to withdraw Docket # 1 ***without*** prejudice as it is a duplicate of a motion filed in the *USA v. Bronstein* 00-cr-100, Docket 115, criminal case and because today I received a letter from Daniel Steinberg asking me to withdraw the above-referenced proceeding (Docket 1) or he will seek rule 11 sanctions mistakenly accusing me of "failure to proceed in good faith and leaving said Docket # 1 dormant."

*Id.* at 29 (emphasis in original). On January 19, the district court issued the following order:

> The Court has received a letter from attorney Joseph Paukman, which is incomplete, does not have a clear purpose, and does not seek relief from the Court. See Dkt. 3. This letter tracks a similar letter filed in the associated criminal case, 00 Cr. 100, which the Court has responded to by order today. See Dkt. 128 in 00 Cr. 100. As reflected in the Court's most recent order, there is no cause for judicial action in either of these cases. Except in the event of new developments meriting the Court's intervention, the Court does not see a cause for further correspondence in these matters. SO ORDERED.

*Id.* at 33.

Following the district court's order, Steinberg exchanged email correspondence with Paukman, attempting to explain that Paukman did not properly withdraw the miscellaneous action. In that correspondence, Steinberg urged Paukman to remedy what Steinberg believed was a failure

3

to withdraw and "dismiss [the miscellaneous action] with prejudice because [Steinberg did not] want this filed again, and then have to go through this another time." Joint App'x at 84. Paukman, believing that the miscellaneous action had been properly withdrawn without prejudice, refused to dismiss the case with prejudice or take further action.

On March 2, 2021, Steinberg moved to dismiss the miscellaneous action and for Rule 11 sanctions against Paukman. On September 1, 2021, the district court denied the sanctions motion, reasoning that Paukman's January 15 letter-motion, although not filed in the format required by the local rules of the district, constituted an "attempt to withdraw" the miscellaneous action within Rule 11's twenty-one-day safe harbor provision. *Thompson v. Steinberg*, No. 20-mc-207, 2021 WL 3914079, at *7 (S.D.N.Y. Sept. 1, 2021). Moreover, the district court concluded that "[a]lthough Paukman failed to properly file his notice of withdrawal, to effectuate Paukman's manifest intent [in the January 15 letter], the Court grants his motion for voluntary dismissal of this action." *Id*. The district court "emphasize[d], however, that had Paukman not moved to withdraw the case promptly upon Steinberg's notice to him of the forthcoming sanctions motion, the Court would have imposed substantial sanctions on Paukman because the complaint he filed in this case and the relief it sought, as well as the manner in which Paukman had, to date, litigated, were all frivolous, vexatious, and abusive." *Id.* at *6.[1]

On appeal, Steinberg argues that the district court erred in concluding that Paukman's January 15 letter was sufficient to invoke the safe harbor under Federal Rule of Civil Procedure

---

[1] Paukman's pattern of poor behavior has not abated on appeal, demonstrating a continued inability to comply with court rules and procedures and continued submission of serial filings of difficult-to-comprehend purpose and form, including his own frivolous motion for sanctions.

4

11(c)(2). We generally review a decision resolving a motion for Rule 11 sanctions for abuse discretion. *See Corroon v. Reeve*, 258 F.3d 86, 92 (2d Cir. 2001). "A district court has abuse[d] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot* (*In re Sims*), 534 F.3d 117, 132 (2d Cir. 2008) (alteration in original) (internal quotation marks and citations omitted). However, within that framework, we review *de novo* the district court's interpretation of the Federal Rules of Civil Procedure, including Rule 11. *See Revitalizing Auto Cmtys. Env't Response Tr. v. Nat'l Grid USA*, 10 F.4th 87, 97 (2d Cir. 2021); *see also Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 380 (2d Cir. 2021) (explaining that errors of law are "functionally reviewed *de novo*, as a decision premised on a legal error is necessarily an abuse of discretion").

Under Rule 11, a party can move for sanctions if a pleading lacks evidentiary support, is not warranted by existing law, or is filed for an improper purpose. Fed. R. Civ. P. 11. Before seeking such sanctions, however, a party must comply with the "safe harbor" provision of Rule 11 by serving the motion on the opposing party at least twenty-one days before filing it with the court, so that the opposing party is afforded the opportunity to avoid sanctions by "withdraw[ing] or appropriately correct[ing]" the sanctionable document. Fed. R. Civ. P. 11(c)(2); *see also Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1327–28 (2d Cir. 1995) (explaining that Rule 11(c) gives a party facing sanctions "21 days during which factual or legal contentions may be withdrawn or appropriately corrected in order to avoid sanction"). The question before this court is whether Paukman's January 15 letter adequately withdrew the miscellaneous action within Rule 11's safe harbor period. As set forth below, we agree with the district court that the January 15 letter

5

satisfied the safe harbor provision and, thus, that sanctions could not be imposed under Rule 11 for the initiation of Paukman's miscellaneous action.

The text of Rule 11 does not specify what a party must do to withdraw or correct the court filing at issue. The 1993 Advisory Committee Note to Rule 11, however, states that a formal sanctions motion should not be filed with the court if the "alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. Moreover, "courts should consider whether a party has clearly signaled its intent to withdraw or correct the offending paper, even if further steps remain to be taken." 1 Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary Rule 11 (2022 ed.).

Here, Steinberg served a letter and notice of a potential motion for Rule 11 sanctions on Paukman on January 12, 2021. Within three days, Paukman filed a motion, albeit erroneously labeled by him on the ECF docketing system as a "motion to consolidate," which stated, "[t]his letter-motion is to withdraw Docket # 1 [i.e., the motion that initiated the miscellaneous action] without prejudice." Joint App'x at 29 (emphasis omitted). Thus, although Paukman may have incorrectly and confusingly labeled the letter as a motion to consolidate, the letter nevertheless unequivocally apprised the district court of Paukman's intent to withdraw the action within the twenty-one-day safe harbor period. Moreover, under Federal Rule of Civil Procedure 41, a plaintiff may voluntarily withdraw an action without a court order by filing a notice of dismissal before any defendant files an answer or a motion for summary judgment, or by filing a stipulation signed by all appearing parties. Fed. R. Civ. P. 41(a)(1)(A); *see also Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 809 (2d Cir. 2022) ("[D]ismissal under either Rule 41(a)(1)(A) approach

requires no court action to be effective."). In other words, this miscellaneous action, which was initiated by a motion, could be withdrawn by Paukman without a court order. Indeed, the district court's ECF docket sheet indicates that the action was terminated on January 19, 2021, four days after Paukman submitted his letter motion, and immediately after the district court entered its order addressing the motion and observing that "the Court does not see a cause for further correspondence in these matters." Joint App'x at 33. Based upon that docket entry, even though Paukman's January 15 letter may have been procedurally defective, the action was withdrawn *and terminated* by the court within the twenty-one-day safe-harbor period. In any event, assuming *arguendo* that the action was not formally dismissed until the district court's September 1, 2021 order, Paukman's unequivocal request to withdraw the action without prejudice in the January 15 letter, which was filed within the safe-harbor period, satisfied Rule 11 notwithstanding that the district court did not immediately act upon that letter due to the letter's incorrect format.[2]

---

[2] To the extent that Steinberg wanted Paukman to correct his withdrawal motion by voluntarily dismissing the case *with prejudice*, *see* Joint App'x at 84, Paukman was under no obligation to do so under the plain language of the safe harbor provision. *See* Fed. R. Civ. P. 11(c)(2); *Mourabit v. Klein*, 393 F. Supp. 3d 353, 365 (S.D.N.Y. 2019) ("[T]he rule does not state that the dismissal must be with prejudice and courts have found that a dismissal without prejudice is sufficient to bring the offending party within the protection of the safe harbor provision."), vacated in part on other grounds on reconsideration, No. 18 CIV. 8313 (AT), 2019 WL 4392535 (S.D.N.Y. Sept. 13, 2019), and aff'd, 816 F. App'x 574 (2d Cir. 2020) (summary order); *see also Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1351 (S.D. Fla. 2009) ("Defendant contends that because the Rule 11 letter asked Plaintiff to dismiss the action with prejudice, any lesser action (such as dismissal without prejudice) could not satisfy the Rule 11 safe harbor provision. Defendant, however, presents no support for this position. The safe harbor protection of Rule 11 is available to a litigant who 'withdraws' the offending paper. F.R.C.P. 11(c). The Rule does not authorize the movant to place conditions on the withdrawal or require the withdrawal to be with prejudice, in order for the non-movant to avoid sanctions.").

Accordingly, the district court properly denied the sanctions motion because the January 15 letter triggered Rule 11's safe harbor provision and consequently shielded Paukman from sanctions.[3]

\*     \*     \*

We have considered Steinberg's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] In light of this disposition of the appeal, Paukman's motions to expand the record and to dismiss the appeal are denied as moot. Appellee's motion for sanctions is denied as meritless.

8